Sean Gates (SBN 186247)
CHARIS LEX P.C.
16 N. Marengo Ave., Suite 300
Pasadena, CA 91101
Tel: 626-508-1717
Fax: 626-508-1730
Email: sgates@charislex.com

Counsel for Petitioners Digital Shape Technologies Inc. and Radomir Nikolajev



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA JSC

SAN FRANCISCO DIVISION

IN RE: PETITION FOR JUDICIAL ASSISTANCE FOR THE ISSUANCE OF SUBPOENAS PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING

DIGITAL SHAPE TECHNOLOGIES, INC., and RADOMIR NIKOLAJEV,

Petitioners.

Case No.: CV 16 80 150 MISC

**DECLARATION OF TOMMY TREMBLAY IN SUPPORT OF *EX PARTE* APPLICATION OF DIGITAL SHAPE TECHNOLOGIES INC. AND RADOMIR NIKOLAJEV FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

FAXED

**DECLARATION OF TOMMY TREMBLAY**

I, TOMMY TREMBLAY, hereby declare as follows:

1. I am an attorney admitted to practice law in Quebec, Canada. I am a partner at Borden Ladner Gervais LLP, which serves as counsel of record for Digital Shape Technologies Inc. ("DST") and Radomir Nikolajev (collectively with DST, "Petitioners") in *Digital Shape Technologies Inc. and Radomir Nikolajev v. Kelly Mikulec*, Case No. 500-17-080160-131, before the Quebec Superior Court, District of Montreal (the "Canadian Lawsuit"). The following is of my own personal knowledge, except where otherwise indicated, and if called upon to testify as a witness, I could and would competently testify thereto. I submit this declaration in support of Petitioners' application for discovery from Glassdoor Inc. for use in a foreign proceeding, pursuant to 28 U.S.C. § 1782.

2. Glassdoor is not a party to the Canadian litigation; it is a "*mise en cause*," a non-party from whom Petitioners sought discovery.

3. To support their damages claim, Petitioners sought documents from Glassdoor to determine whether any actual or potential clients, employees, service providers, or competitors read, commented on, or endorsed the posts. Petitioners initially sought such documents on a voluntary basis, but Glassdoor refused to cooperate. Consequently, Petitioners filed an application with the Quebec Superior Court to obtain discovery from Glassdoor. Glassdoor informed Petitioners that it would not participate in the Canadian proceeding, stating that it "does not believe it is subject to jurisdiction in Canada."

4. The Quebec court granted the plaintiffs' application, entering a "Judgment" on June 16, 2016, which was rectified on June 27, 2016. A true and correct copy of the June 16, 2016 Quebec court Judgment is attached hereto as **Exhibit A**. A true and correct copy of the June 27, 2016 Quebec court Rectified Judgment is attached hereto as **Exhibit B**.

5. On June 27, 2016, California counsel for Petitioners emailed the Quebec court Judgment and Rectified Judgment to Glassdoor's in-house counsel. A true and correct copy of these emails is attached as **Exhibit C**. California counsel for Petitioners also served by U.S. mail a copy

of the Rectified Judgment on Glassdoor. A true and correct copy of the Rectified Judgment with proof of service is attached hereto as **Exhibit D**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on July 15, 2016 at Montreal, Quebec.

TOMMY TREMBLAY