UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: EX PARTE APPLICATION OF DIGITAL SHAPE TECHNOLOGIES, INC., and RADOMIR NIKOLAJEV | Case No. 16-mc-80150-JSC<br><br>**ORDER GRANTING REQUEST FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN A FOREIGN LEGAL PROCEEDING PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Applicants Digital Shape Technologies, Inc. ("DST"), and Radomir Nikolajez ("Nikolajez) filed an *ex parte* application to take discovery pursuant to 28 U.S.C. § 1782. (Dkt. No. 1.) That statute allows a district court to order a person residing or found within its district to produce documents or provide testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. Here, DST and Nikolajez seek an order granting them permission to issue a subpoena to obtain documents and testimony from a custodian of records from non-party Glassdoor, Inc. ("Glassdoor"). Upon consideration of the application and the relevant legal authority, the Court GRANTS the application.

## BACKGROUND

DST, and its president, Nikolajev, (together "DST") are plaintiffs in an action in the Quebec Superior Court, District of Montreal, Canada (the "Canadian Action"). *See Digital Shape Technologies Inc. and Radomir Nikolajev v. Kelly Mikulec*, Case No. 500-17-080160-131. In the

action, DST alleges that Kelly Mikulec, a former DST employee, provided false and defamatory statements on Glassdoor's Canadian website about DST and Nikolajev. (Dkt. No. 2 at ¶ 6.) Glassdoor is not a party to the Canadian Action.

DST sought documents from Glassdoor in support of its claim for damages. (Dkt. No. 3-1 at ¶ 3.) Glassdoor declined to provide the documents voluntarily so DST filed an application in the Canadian Action to obtain the discovery. (*Id.*) In response, Glassdoor stated that it did not believe that it was subject to jurisdiction in Canada. (*Id.*; Ex. A at ¶ 5.) The Canadian court granted DST's application on June 16, 2016 noting that Ms. Mikulec admitted she made the statements at issue (known as the "March 7, 2013 review"). (*Id.* at ¶ 4.) The court ordered Glassdoor to provide:

> (1) a copy of all reviews, ratings and comments with respect to Digital Shape Technologies Inc, notwithstanding the fact that they have since been removed;
> (2) the submission (posting) date and time of the reviews, ratings and/or comments as well as the period during which they were published;
> (3) the email address and IP address of the user who posted the March 7, 2013 review and rating [], as well as the URL corresponding to their submission;
> (4) the Google Analytics statistics reports relating to the March 7, 2013 review and rating [], including the number of users having reviewed the March 7, 2013 review and rating [], the time and date of viewing, the city associated with the IP addresses of these users, as well as their IP addresses;
> (5) the number of individuals having indicated that the March 7, 2013 review and rating [] was "helpful", their IP addresses as well as the URL corresponding to the submission of such forms, and the submission date

(Dkt. No. 3-1 at ¶ 25.) The court also ordered "that the IP address be held under seal and be only available to the attorneys of the parties and their experts subject to complete confidentiality." (*Id.* at ¶ 26.) On June 27, 2016, the court issued a rectified judgment which DST served by U.S. mail on Glassdoor. (Dkt. No. 3-1 at 8 (Ex. B).)

DST thereafter filed the underlying ex parte application in this Court on July 15, 2016. It asks the Court to grant the application for judicial assistance and permit DST "to subpoena documents from Glassdoor consistent with the order made by the Quebec court, as well as the testimony of a custodian of records to establish foundation for the documents." (Dkt. No. 1 at 10.)

## LEGAL STANDARD

Section 1782(a) provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). A litigant in a foreign action qualifies as an "interested person" under Section 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004). To apply for discovery pursuant to Section 1782, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent. *Id.* at 258-59. Instead, all that is necessary is that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation." *Id.* at 259 (holding that discovery was proper under Section 1782 even though the applicant's complaint was still only in the investigative stage). When it comes to requests directly from foreign courts, district courts typically handle Section 1782 discovery requests in the context of an *ex parte* application for an order appointing a commissioner to collect the information. *See In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that the subpoenaed parties may object and exercise due process rights by bringing motions to quash the subpoenas after the court issues a Section 1782 order); *see, e.g.*, *In re Request for Int'l Judicial Assistance from the Nat'l Ct. Admin. of the Republic of Korea*, No. C15-80069 MISC LB, 2015 WL 1064790, at *2 (N.D. Cal. Mar. 11, 2015) (granting *ex parte* application for a Section 1782 order); *In re Request for Int'l Judicial Assistance from the 16th Family Ct. of the Supreme Ct. of Justice of the Fed. Dist.*, No. 14-mc-80083-JST, 2014 WL 1202545, at *1 (N.D. Cal. Mar. 19, 2014) (same). The same is generally true for Section 1782 applications brought by private parties. *See, e.g.*, *Mak v. For the Issuance of Discovery in Aid of Foreign Proceeding Pursuant to 28 U.S.C. 1782*, No. C 12-80118 SI, 2012 WL 2906761, at *1-2 (N.D. Cal. July 16, 2012) (denying motion to quash after having granted ex parte application for deposition subpoena under Section 1782); Order, *In re Gianasso*, No. 3:12-mc-80029 (N.D. Cal. Feb. 28, 2012), ECF No. 6; Order, *In

*re Am. Petroleum Inst.*, No. 5:11-mc-80008 (N.D. Cal. Apr. 7, 2011), ECF No. 6.

The court retains wide discretion to grant discovery under Section 1782. *See Intel*, 542 U.S. at 260-61. In exercising its discretion, the court considers the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65; *see also In re Request for Judicial Assistance from the Seoul Dist. Crim. Ct.*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted) (noting that the only requirements explicit in the statute are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal, but also holding "that the investigation in connection with which the request is made must related to a judicial or quasi-judicial controversy").

"A district court's discretion is to be exercised in view of the twin aims of [Section] 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts." *Nat'l Ct. Admin. of the Republic of Korea*, 2015 WL 1064790, at *2 (citing *Schmitz v. Bernstein Libehard & Lifshitz, LLP*, 376 F.3d 79, 85 (2d Cir. 2004)). The party seeking discovery need not establish that the information sought would be discoverable under the foreign court's law or that the U.S. would permit the discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63.

**ANALYSIS**

A.  **Statutory Authority**

DST's application satisfies the minimum requirements of Section 1782. First, Glassdoor's principal place of business is in Mill Valley, California which is within the Northern District of California. Second, the requested discovery is for use in a Canadian lawsuit, which is a proceeding before a foreign tribunal. With respect to the third factor, Section 1782 plainly states that discovery orders may issue upon the request of either a foreign tribunal or an interested party.

28 U.S.C. § 1782(a). An "interested person" seeking to invoke the discovery mechanism of Section 1782 may include "litigants before foreign or international tribunals . . . as well as any other person . . . [who] merely possesses a reasonable interest in obtaining [judicial] assistance." *Intel*, 542 U.S. at 256-57 (quotation marks and citation omitted). Applicants are parties to the foreign proceedings underlying this case; indeed, they are the plaintiffs in an action alleging that defamatory statements were made regarding them on Glassdoor's Canadian site. (*See* Dkt. No. 3-1.) Accordingly, DST has a "reasonable interest" in obtaining judicial assistance and, therefore, may apply for judicial assistance pursuant to Section 1782. *See Akebia Therapeutics, Inc. v. Fibrogren, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015). Lastly, the instant *ex parte* application is an acceptable method of requested discovery under Section 1782. *See Tokyo Dist., Tokyo, Japan*, 539 F.2d at 1219.

## B.     Discretion

The Court finds good cause to exercise its discretion to authorize the requested discovery. Glassdoor is not a party to the Canadian Action, and therefore discovery regarding the March 7, 2013 statement and its audience is unattainable absent Section 1782(a) aid. The Canadian court's order authorizing issuance of the subpoena demonstrates that the request is not an attempt to circumvent proof-gathering restrictions in either Canada or the United States, and that the Canadian court would be receptive to an order from this Court. Each of these factors supports a finding of good cause to grant the requested discovery.

As for whether the request is unduly burdensome, the Court finds it is not given that the proposed subpoena is limited to information relating to the March 7, 2013 post—which the defendant in the Canadian Action, Ms. Mikulec, admits making—the audience which viewed the post, and any identifying information such as IP addresses. And, without more information, the Court cannot conclude that it is unduly intrusive. While Glassdoor has not had an opportunity to respond to the application or to raise any arguments about the burden or intrusion the subpoena imposes on it, applications for Section 1782 subpoenas may be filed ex parte because "[t]he witnesses can . . . raise[ ] objections and exercise[ ] their due process rights by motions to quash the subpoenas." *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d at 1219. Glassdoor shall

therefore have 30 calendar days after the service of the subpoena to contest it.

## CONCLUSION

For the reasons described above, the Court GRANTS DST's application and authorizes service of a subpoena consistent with the order made by the Canadian court. The return date of the subpoena shall be set after the expiration of the 30-day period to allow Glassdoor to contest the subpoena if it has a good faith basis to do so.  Should Glassdoor file a motion to quash, this action shall automatically be reopened.

This Order disposes of Docket Number 1. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated:  July 20, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge