Sean Gates (SBN 186247)
CHARIS LEX P.C.
16 N. Marengo Ave., Suite 300
Pasadena, CA 91101
Tel: 626-508-1717
Fax: 626-508-1730
Email: sgates@charislex.com

Counsel for Digital Shape
Technologies Inc. and Radomir Nikolajev

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: PETITION FOR JUDICIAL ASSISTANCE FOR THE ISSUANCE OF SUBPOENA AS PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING.<br><br>DIGITAL SHAPE TECHNOLOGIES, INC., and RADOMIR NIKOLAJEV,<br><br>Petitioners. | Misc. Case No.: 3:16-MC-80150-JSC<br><br>Hon. Jacqueline Scott Corley<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL DOCUMENTS BY DIGITAL SHAPE TECHNOLOGIES INC. AND RADOMIR NIKOLAJEV; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Courtroom: F<br>Hearing Date: September 29, 2016<br>Time:  9:00 a.m. |

NOTICE OF MOTION AND MOTION TO COMPEL

1  TO ALL PARTIES AND THER ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE THAT Digital Shape Technologies Inc. and Radomir Nikolajev ("Petitioners") hereby move for an order compelling Glassdoor, Inc. ("Glassdoor") to produce responsive documents and to appear for testimony as required by Petitioners' subpoena dated July 20, 2016.  This motion will come on for hearing on September 29, 2016 at 9:00 a.m. in Courtroom F – 15th Floor, 450 Golden Gate Avenue, San Francisco, California before the Honorable Jacqueline Scott Corley.

    The bases for the motion are (1) the Quebec Superior Court, District of Montreal entered a judgment requiring Glassdoor to produce the sought-after discovery to Petitioners, but Glassdoor refuses to comply; (2) this Court granted Petitioners' application and authorized the service of a subpoena to Glassdoor in aid of the Canadian litigation; (3) Glassdoor has objected to the subpoena and refuses to comply; (4) Glassdoor's objections are not supported by the facts and are addressed by the Quebec court's findings.

    The parties have met and conferred in good faith and have narrowed their dispute to two requests.

    This motion is made pursuant to the Federal Rules of Civil Procedure Rules 37 and 45, and is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, and the previously filed declarations of Radomir Nikolajev and Tommy Tremblay, and the concurrently filed declaration of Radomir Nikolajev and Sean Gates.

Dated:  August 25, 2016        CHARIS LEX P.C.


        By: /s/ Sean Gates
           Sean Gates
           Counsel for DIGITAL SHAPE
           TECHNOLOGIES INC. and RADOMIR
           NIKOLAJEV

NOTICE OF MOTION AND MOTION TO COMPEL

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................. 1

II. FACTUAL BACKGROUND .......................................................................................... 2

   A. DST sought discovery from Glassdoor, which is not a party to the Canadian Litigation. ...... 2

   B. The Quebec court entered a judgment requiring Glassdoor to produce documents. ............... 3

   C. Petitioners obtained an order from this Court allowing service of a subpoena; Glassdoor objected to the subpoena; the Parties have narrowed their dispute. ...................................... 4

III. ARGUMENT ................................................................................................................... 4

   A. The Court should compel Glassdoor to produce documents responsive to Request No. 3. ..... 5

      1. Request No. 3 seeks relevant information and is not burdensome. ..................................... 5

      2. Request No. 3 does not implicate First Amendment issues. ................................................ 6

      3. Request No. 3 does not implicate California privacy rights. ............................................... 7

      4. Request No. 3 does not infringe Canadian rights and freedoms. ......................................... 8

   B. The Court should compel Glassdoor to produce documents responsive to Request No. 4. ..... 9

      1. Request No. 4 seeks relevant information. ........................................................................... 9

      2. Request No. 4 does not implicate First Amendment or privacy rights. ............................. 10

      3. There is no basis to find disclosure of viewership statistics would harm Glassdoor. ........ 11

IV. CONCLUSION .............................................................................................................. 11

TABLE OF AUTHORITIES

**Cases**

*Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681 (S.D. Fla. 2011) .................................................. 6

*Brunet v. Segal*, 2014 Q.C.C.S. 3098 (CanLII) ............................................................................ 6, 7

*Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955 (N.D. Cal. 2015) ............................................ 8

*Centurion Indus., Inc. v. Warren Steurer & Assoc.,* 665 F.2d 323 (10th Cir.1981) ...................... 11

*D'Ambroise v. Kodrun*, 2013 Q.C.C.S. 150 (CanLII) ..................................................................... 6

*DKT Memorial Fund Ltd. v. Agency for Int'l Dev.*, 887 F.2d 275 (D.C. Cir.1989) ........................ 7

*Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373 (5th Cir. 2010) ......................................... 8

*Federal Open Market Committee v. Merrill,* 443 U.S. 340 (1979) .............................................. 11

*Four Navy Seals v. Associated Press*, 413 F. Supp. 2d 1136 (S.D. Cal. 2005) ............................... 7

*Highfields Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2004). ................. 5, 7, 9, 10

*Hill v. Eddie Bauer*, 242 F.R.D. 556 (C.D. Cal. 2007) ................................................................. 11

*Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1 (1994) ....................................................... 8, 10

*Hilton v. Guyot*, 159 U.S. 113 (1895) ............................................................................................. 5

*In re iPhone Application Litig.*, 844 F. Supp. 2d 1040 (N.D. Cal. 2012) .................................. 8, 10

*Krinsky v. Doe 6*, 159 Cal. App. 4th 1154 (Cal. App. 2008) ....................................... 5, 7, 9, 10

*Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010 (N.D. Cal. 2012) ............................................... 8, 10

*Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121 (N.D. Cal. 2008) ............................................................. 8

*United States v. Yerdugo–Urquidez*, 494 U.S. 259 (1990) ............................................................. 7

**Statutes**

28 U.S.C. § 1782 .............................................................................................................................. 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As explained in their application pursuant to 28 U.S.C. § 1782, Petitioners are plaintiffs in a litigation pending in the Quebec Superior Court, District of Montreal.  To obtain relevant evidence in support of their case, Petitioners sought documents from Glassdoor Inc., which is not a party to the litigation, concerning allegedly defamatory statements posted on its Canadian website.  Glassdoor rebuffed Petitioners' requests for a voluntary production.  When Petitioners sought the assistance of the Quebec court, Glassdoor refused to appear, insisting that the court lacked jurisdiction.  The Quebec court entered a judgment requiring Glassdoor to produce certain documents and information.

On July 20, 2016, this Court authorized Petitioners to serve a subpoena "consistent with the order made by the Canadian court." (Dkt. No. 4 at 6.)  Petitioners did so, and Glassdoor served objections in response to that subpoena, refusing to produce any documents and refusing to appear for deposition.  After meeting and conferring, the parties narrowed their dispute to two document requests.  Glassdoor contends that the two requests implicate a right to speak anonymously under the First Amendment and privacy rights under the California Constitution.

These objections are unfounded.  Although the underlying case involves alleged defamation, the sought-after discovery does not implicate First Amendment or California privacy rights.  The statements were made by a Canadian citizen, on Glassdoor's Canadian website, regarding a Canadian company and its Canadian president.  The Quebec court found that the defendant in the Canadian litigation admitted to making the statements, that any expectation of privacy was mitigated by Glassdoor's policies, and that all the sought-after discovery is "relevant and useful" for the underlying lawsuit.  Further, with respect to non-parties, the Quebec court found that Petitioners are not seeking the identities of persons who visited Glassdoor's site.  This Court should therefore compel Glassdoor to produce the sought-after discovery, both because Glassdoor's objections are wrong as a substantive matter but also as a matter of comity.

II.     **FACTUAL BACKGROUND**

The Canadian litigation involves a dispute between Petitioners and a former employee who posted false and defamatory statements on Glassdoor, a website which allows employees to post reviews of their employers.

### A.   DST sought discovery from Glassdoor, which is not a party to the Canadian Litigation.

Digital Shape Technologies ("DST") is a Montreal company that develops sophisticated financial analysis software for the alternative investment sector of the financial services industry. Radomir Nikolajev is the president and one of the founders of DST. (Declaration of Radomir Nikolajev [Dkt. No. 2] at ¶ 2.) DST and Mr. Nikolajev are plaintiffs in the Canadian litigation.

Kelly Mikulec is a former employee of DST, who worked in DST's Montreal offices. (Dkt. No. 2 at ¶ 3.) Ms. Mikulec is a Canadian citizen. (*Id.* at ¶ 4.)

In *Digital Shape Technologies Inc. and Radomir Nikolajev v. Kelly Mikulec*, Case No. 500-17-080160-131, Petitioners allege that on March 7, 2013, Ms. Mikulec posted false and defamatory statements on Glassdoor about DST and Mr. Nikolajev. (*Id.* at ¶¶ 5, 6.)

Glassdoor, which has its principle business offices in Mill Valley, operates a website which is accessible to the general public at "www.glassdoor.ca." (*Id.* ¶¶ 7, 8, Dkt. No. 2-1 at 2, 5 [Ex. A, B].) Domain names with the ".ca" extension are registered through the Canadian Internet Users Registration Authority. *See* https://cira.ca/. Users of Glassdoor's website are able to post reviews, ratings, and comments with respect to their past or current employers. Glassdoor includes such reviews, ratings, and comments for many Canadian employers. (Dkt. No. 2-1 at 7-10 [Ex. C].) Glassdoor is not a party to the Canadian litigation; it is a "*mise en cause*," a non-party from whom Petitioners sought discovery. (Declaration of Tommy Tremblay [Dkt. No. 3] at ¶ 2.)

To support their damages claim, Petitioners sought documents from Glassdoor to determine whether any actual or potential clients, employees, service providers, or competitors read, commented on, or endorsed the posts. Petitioners initially sought such documents on a voluntary basis, but Glassdoor refused to cooperate. Consequently, Petitioners filed an application with the Quebec Superior Court to obtain discovery from Glassdoor informed Petitioners that it would not

participate in the Canadian proceeding, stating that it "does not believe it is subject to jurisdiction in Canada." (Dkt. No. 3 at ¶ 3.)

### B. The Quebec court entered a judgment requiring Glassdoor to produce documents.

The Quebec court granted the plaintiffs' application, entering a "Judgment" on June 16, 2016, which was rectified on June 27, 2016. (Dkt. No. 3 at ¶ 4.) Although the court was aware of Glassdoor's refusal to participate in the proceeding, the Judgment was not entered by default. (*Id.*) The court made several important findings:

- Glassdoor had adequate notice of the amended application (Dkt. No. 3-1 at 3, ¶ 10);
- Ms. Mikulec "has admitted being the author of the March 7, 2013 post" (*id.* at 3, ¶ 4);
- the "fault was committed in Quebec" and the "damage occurred in Quebec" (*id.* at 3, ¶ 8);
- the plaintiffs were "not requesting or seeking to obtain the identity of the persons who visited the concerned website" (*id.* at 4, ¶ 17);
- Ms. Mikulec consented to the discovery, with only the exception of her email address and IP address (*id.* at 3, ¶ 11);
- the information is "however relevant and useful for the purpose of the underlying lawsuit, including the IP address of the users who have viewed the March 7, 2013 post and have indicated it 'helpful'" (*id.* at 3, ¶ 12);
- due to Glassdoor's policies, "the expectation of privacy of the users of the website is largely mitigated" (*id.* at 4, ¶ 16);

Pursuant to these findings, the Rectified Judgment requires Glassdoor to provide to Petitioners the following:

1. a copy of all reviews, ratings and comments with respect to Digital Shape Technologies Inc., notwithstanding the fact they have since been removed;
2. the submission (posting) date and time of the reviews, ratings and/or comments as well as the period during which they were published;
3. the email address and IP address of the user who posted the March 7, 2013 review and rating, as well as the URL corresponding to their submission;

3

MEMORANDUM OF POINTS AND AUTHORITIES

4.  the Google Analytics statistics reports relating to the March 7, 2013 review and rating, including the number of users having viewed the March 7, 2013 review and rating, the time and date of viewing, the city associated with the IP addresses of these users, as well as their IP addresses; and

5.  the number of individuals having indicated that the March 7, 2013 review and rating was "helpful", their IP addresses, email addresses and names as well as the URL corresponding to the submission of such forms, and the submission date.

(Dkt. No. 3-1 at 10-11.)

Petitioners' counsel emailed the Judgment and Rectified Judgment to Glassdoor's in-house counsel on June 27, 2016. (Dkt. No. 3-1 at 13-14.) Petitioners also served the Rectified Judgment on Glassdoor that same day. (*Id.* at 19.) The judgment was not appealed.

### C. Petitioners obtained an order from this Court allowing service of a subpoena; Glassdoor objected to the subpoena; the Parties have narrowed their dispute.

Petitioners sought and obtained the assistance of this Court, allowing them to serve a subpoena on Glassdoor in aid of the Canadian litigation. (Dkt. No. 4.) Pursuant to the Court's order, Petitioners served a subpoena on Glassdoor with requests consistent with the judgment of the Quebec court. (Declaration of Sean Gates ["Gates Decl."] Ex. A.) Glassdoor served objections in response to the subpoena. (*Id.*, Ex. B.)

The parties have met and conferred and narrowed their dispute to two of the document requests (Nos. 3 and 4). (Gates Decl. ¶¶ 3-7.) Glassdoor agreed to produce documents responsive to Request Nos. 1, 2, and 5. (*Id.* ¶ 7.) In lieu of a deposition of Glassdoor's custodian of records, Glassdoor agreed to provide a notarized affidavit establishing the authenticity of the documents produced and facts showing they are business records. (*Id.*) In light of Glassdoor's objections, Petitioners proceeded by way of a motion to compel. (*Id.* ¶ 6.)

### III. ARGUMENT

This motion to compel is unusual. The subpoena follows a judgment by the foreign tribunal requiring the production of the sought-after discovery. This Court, therefore, need not guess as to whether the discovery is relevant, helpful, and avoids infringing privacy concerns. The Quebec

court has already addressed these issues. This Court should therefore give preclusive effect to that judgment under principles of comity. *See, e.g.*, *Hilton v. Guyot*, 159 U.S. 113, 202-03 (1895) (merits of the case adjudicated by a foreign sovereign should not be "tried afresh" based on assertion of the party that the judgment was erroneous in law or in fact). Moreover, as explained below, Glassdoor's objections are unsupported by law or facts. The Court should compel the production of documents as requested by the subpoena.

### A. The Court should compel Glassdoor to produce documents responsive to Request No. 3.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show the email address and IP address of the user who posted the March 7, 2013 review and rating of Digital Shape Technologies Inc. (attached hereto as Exhibit 1), as well as the URL corresponding to their submission.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Glassdoor objects to this Request on the ground that using the judicial process to force the disclosure of personal information concerning the person who posted the Review would violate their right to speak anonymously under the First Amendment to the United States Constitution, their right to privacy under Article I, Section 1 of the California Constitution, and their corresponding and related rights under the Canadian Charter of Rights and Freedoms. The author of the Review posted their opinion anonymously on a matter of public interest, with a reasonable expectation that their identity would not be revealed. Further, requiring Glassdoor to release the author's identity would harm Glassdoor's reputation and discourage future users from posting to its site, which could decrease Glassdoor's website traffic and revenue.

Glassdoor further objects to this Request on the ground that Plaintiffs have failed to make a prima facie showing that any statement in the Review is actionable. *See, e.g., Krinsky v. Doe 6*, 159 Cal. App. 4th 1154, 1177 (Cal. App. 2008); *Highfields Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 979 (N.D. Cal. 2004). Plaintiffs cannot use the legal process to root out dissatisfied employees legitimately exercising their right to free speech. All of the challenged statements in the Review are protected opinion, patently hyperbolic, not harmful to Plaintiffs' reputation, and/or statements of fact that Plaintiffs have not contested.

Glassdoor further objects to this Request on the ground that Plaintiffs have failed to demonstrate that they have exhausted alternate methods of obtaining the information they seek, including an internal investigation and/or interviews of former employees and job applicants.

Glassdoor further objects to this Request on the ground that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that Plaintiffs claim already to be aware of the identity of the author of the Review, and thus it is unnecessary for Plaintiffs to obtain the author's personal information.

### 1. Request No. 3 seeks relevant information and is not burdensome.

Glassdoor objects that Request No. 3 is not reasonably calculated to lead to admissible

evidence because Ms. Mikulec has admitted to authoring the post. The Quebec court, however, found Petitioners' requests to seek relevant and useful information. (Dkt. No. 3-1 at 3, ¶ 12.)

This clearly supported. The email and IP address are relevant to confirm that Ms. Mikulec in fact posted the review. Even though Ms. Mikulec has admitted to the posting, "[m]erely because an item may be available from another source is not a proper objection to discovery." *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 699 (S.D. Fla. 2011).

The request is also relevant to the intentional nature of Ms. Mikulec's actions and therefore to punitive damages. Under the applicable Canadian law, the right to reputation is a fundamental, and an intentional harm to the reputation of another gives rise to punitive damages. *Brunet v. Segal*, 2014 Q.C.C.S. 3098 (CanLII), para. 23, 35, 46, 49 to 53. The request is reasonably calculated to lead to admissible evidence regarding whether Ms. Mikulec sought to bolster her Glassdoor review (or her similar review posted on another site, Jobwings) by commenting on her own posts, demonstrating the intentional nature of the defamation. Moreover, when assessing punitive damages under Canadian law, the gravity of the fault is taken into account as well as the defendant's malice. The fact the Mrs. Mikulec commented her own post would thus be an aggravating factor, giving rise to higher damages. *Id.*; *see also D'Ambroise v. Kodrun*, 2013 Q.C.C.S. 150 (CanLII), para. 85, 119 to 123 (intentional nature of defamation as well as repetitive nature is taken into account).

The request is not burdensome. It is narrowly tailored and seeks only documents sufficient to show the relevant information.

Finally, Glassdoor's objection that Petitioners should conduct additional investigation or interviews of former employees and job applicants misses the mark. Such efforts could not reveal "the email address and IP address of the user who posted the March 7, 2013 review" or the "URL corresponding to their submission."

**2.    Request No. 3 does not implicate First Amendment issues.**

The First Amendment is not implicated by Request No. 3. This is not a case in which a defamation plaintiff seeks the identity of any anonymous speaker. Ms. Mikulec admits to be the author of the post. (Dkt. No. 3-1 at 3, ¶ 4.)

Moreover, the request does not affect the rights of a U.S. citizen or resident. The review was

posted to a Canadian website, by a Canadian citizen, and concerns a Canadian company and its president.  As the Quebec court found, the "fault was committed in Quebec" and the "damage occurred in Quebec." (Dkt. No. 3-1 at 3, ¶ 8; *United States v. Yerdugo–Urquidez*, 494 U.S. 259, 265 (1990) (First Amendment's reference to "the people" means the right belongs to "a class of persons who are part of a national community or who have otherwise developed sufficient connection with this country to be considered part of that community"); *see also DKT Memorial Fund Ltd. v. Agency for Int'l Dev.*, 887 F.2d 275, 283 (D.C. Cir.1989) (affirming district court's determination "that the interests in free speech and freedom of association of foreign nationals acting outside the borders, jurisdiction, and control of the United States do not fall within the interests protected by the First Amendment").

Glassdoor's reliance on *Krinsky v. Doe 6*, 159 Cal. App. 4th 1154 (Cal. App. 2008) and *Highfields Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2004) is therefore misplaced. Both of those cases involved discovery requests seeking the identity of an anonymous speaker. The courts precluded discovery based on the First Amendment absent a *prima facie* showing of libel. Here, the subpoena does not seek the identity of an anonymous poster; the poster's identity is known.  And the statements, made in Canada, by Ms. Mikulec, a Canadian citizen, are not protected by First Amendment.

Even if the First Amendment applied, discovery should still be compelled.  The statements by Ms. Mikulec are *prima facie* defamatory.  The statements were published on the internet on a site designed to provide information about companies.  They contain a number of false assertions of fact. (Declaration of Radomir Nikolajev in Support of Motion to Compel at ¶¶ 6-18.)  These false statements disparaged DST and have the tendency to injure Petitioners in their business.  (*Id.*) Accordingly, Glassdoor cannot refuse to produce the sought-after discovery.

### 3. Request No. 3 does not implicate California privacy rights.

For similar reasons, privacy rights under the California Constitution are not implicated.  The California Constitution protects the rights of Californians, not Canadians posting reviews on Canadian websites regarding Canadian companies. *See Four Navy Seals v. Associated Press*, 413 F. Supp. 2d 1136, 1143 (S.D. Cal. 2005) (the California Constitution "creates a legal and enforceable

right of privacy for every Californian") (emphasis added); *Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955, 962 (N.D. Cal. 2015) (no California jurisdiction over transactions occurring in Oregon and Washington for privacy claims).

What is more, the Request does not seek disclosures that are "sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 37 (1994). Courts have found disclosure of similar information does not amount to the "serious invasion" required to create a breach of privacy rights under the California Constitution. *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012) (disclosure of "a numeric code associated with a user and the URL of the profile page viewed, does not meet the standard set by California courts"); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (disclosure of "unique device identifier number, personal data, and geolocation information" was not "an egregious breach of social norms"); *Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1127-28 (N.D. Cal. 2008), *aff'd*, 380 Fed. Appx. 689 (9th Cir. 2010) (theft of laptop containing personal information, including social security numbers, of job applicants did not constitute an egregious breach of privacy).

**4.    Request No. 3 does not infringe Canadian rights and freedoms.**

Glassdoor also objects based on Canadian law. To withhold documents, however, Glassdoor would need to provide "authoritative proof" that the Canadian court would not allow the discovery. *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 378 (5th Cir. 2010) ("to avoid speculative forays into legal territories unfamiliar to federal judges, parties must provide authoritative proof that a foreign tribunal would reject evidence because of a violation of an alleged foreign privilege"). Here, the Quebec court already considered Canadian law and ordered Glassdoor produce the requested discovery. Indeed, the Quebec court explicitly considered the privacy expectation of users of Glassdoor's site when it ordered Glassdoor to produce the discovery at issue. (Dkt. No. 3-1 at 3-4, ¶¶ 11-17.) Accordingly, Glassdoor cannot make the requisite showing.

**B.     The Court should compel Glassdoor to produce documents responsive to Request No. 4.**

**REQUEST FOR PRODUCTION NO. 4:**

The Google Analytics statistics reports relating to the March 7, 2013 review and rating of Digital Shape Technologies Inc. (Exhibit 1), including the number of users having viewed the March 7, 2013 review and rating (Exhibit 1), the time and date of viewing, the city associated with the IP addresses of these users, as well as their IP addresses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Glassdoor objects to this Request on the ground that using the judicial process to force the disclosure of personal information relating to any user(s) who viewed the Review would violate their right to engage in anonymous communication under the First Amendment to the United States Constitution, their right to privacy under Article I, Section 1 of the California Constitution, and their corresponding and related rights under the Canadian Charter of Rights and Freedoms.

The users in question had a reasonable expectation, in viewing the Review, that their identities and personal information would not be revealed. Further, requiring Glassdoor to release its users' personal information would harm Glassdoor's reputation and discourage future users from posting to its site, which could decrease Glassdoor's website traffic and revenue.

Glassdoor further objects to this Request on the ground that Plaintiffs have failed to make a prima facie showing that any conduct by users who may have viewed the Review is actionable. *See, e.g., Krinsky v. Doe 6*, 159 Cal. App. 4th 1154, 1177 (Cal. App. 2008); *Highfields Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 979 (N.D. Cal. 2004).

Glassdoor further objects to this Request on the ground that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that the "Google Analytics statistics reports relating to the March 7, 2013 review" are not relevant to Plaintiffs' claim that the Review is defamatory.

Glassdoor further objects to this Request on the ground that statistics regarding the viewership of glassdoor.com are confidential and proprietary Glassdoor business information, and as such protected from disclosure.

**1.     Request No. 4 seeks relevant information.**

As the Quebec court found, Petitioners' requests seek discovery that is "relevant and useful for the purpose of the underlying lawsuit." (Dkt. No. 3-1 at 3, ¶ 12.)  Request No. 4, in particular, seeks discovery relevant to injury and damages, *viz.*, information about the viewers of a the allegedly defamatory post, such as the number of unique viewers, the amount of time spent on the site, the geographic location (i.e., city or country) of the viewers, etc.  This statistical information does not reveal the identity of any Glassdoor user, but is relevant to the extent of the publication of the allegedly defamatory post.

The IP addresses of users who viewed the allegedly defamatory post, while not disclosing the

identities of users, is also relevant. As explained by François Corkery, a specialist in digital forensic investigations, the IP address used to visit a website does *not* disclose the identity of the user. (Gates Decl., Ex. C.) IP addresses are associated with businesses or Internet Service Providers, not individuals. (*Id.*) This information may indicate whether any actual or potential DST clients, employees, service providers, or competitors read the allegedly defamatory post. The request is thus reasonably calculated to lead to the discovery of evidence relevant to injury.

### 2. Request No. 4 does not implicate First Amendment or privacy rights.

Request No. 4 does not implicate First Amendment or privacy rights for at least three reasons. First, as the Quebec court found, Petitioners' requests do *not* seek the "identity of the persons who visited the concerned website." (Dkt. No. 3-1 at 4, ¶ 17; see also Gates Decl., Ex. C [IP addresses do not reveal and individuals' identity].)

The cases cited by Glassdoor, *Krinsky* and *Highfields Capital Mgmt., L.P.*, are thus inapposite—each deals with concerns that disclosure of the identity of an anonymous speaker will chill free speech. No such concerns are present here. The sought-after discovery does not reveal the user's identity.

Second, the Quebec court found that the privacy expectations of Glassdoor's users are "largely mitigated" by Glassdoor's policies, terms, and conditions. (Dkt. No. 3-1 at 4, ¶¶ 14-16.) Indeed, Glassdoor informs its users that it will share their information as Glassdoor "deem[s] necessary" to protect its interests or those of third parties. (*Id.*, ¶ 15.)

Third, disclosure of the type of information sought—the number of viewers, the location of those viewers, IP addresses, etc.—does not rise to the level of an "egregious breach of the social norms underlying the privacy right." *Hill*, 7 Cal. 4th at 37. In fact, courts in the Northern District have found that even the disclosure of *identifying* information does not violate the California right to privacy. *See Low*, 900 F. Supp. 2d at (disclosure of "a numeric code associated with a user and the URL of the profile page viewed" not sufficient); *In re iPhone Application Litig.*, 844 F. Supp. 2d at 1063 (disclosure of "unique device identifier number, personal data, and geolocation information" was not "an egregious breach of social norms").

### 3. There is no basis to find disclosure of viewership statistics would harm Glassdoor.

Glassdoor's objection that statistics regarding viewership of glassdoor.com are confidential and proprietary Glassdoor business information provides no basis to deny discovery. There is nothing competitively sensitive about the statistical information sought by Petitioners, which pertains to a single post in 2013, regarding a single company.

What is more, "there is no absolute privilege for trade secrets and similar confidential information." *Federal Open Market Committee v. Merrill,* 443 U.S. 340, 362 (1979). To resist discovery on confidential and proprietary grounds, "a person must first establish that the information sought is a trade secret and then demonstrate that its disclosure might be harmful." *Centurion Indus., Inc. v. Warren Steurer & Assoc.,* 665 F.2d 323, 325 (10th Cir.1981). If Glassdoor believes disclosure would be harmful, it may seek a protective order. *See Hill v. Eddie Bauer*, 242 F.R.D. 556, 561-62 (C.D. Cal. 2007).

## IV. CONCLUSION

For all these reasons, the Court should issue an order compelling Glassdoor to produce documents responsive to Requests No. 3 and 4, with a notarized affidavit attesting to their authenticity and to facts showing they are business records, within 7 days of the Court's order.

Dated:  August 25, 2016                              CHARIS LEX P.C.


                                                     By:  /s/ Sean Gates
                                                          Sean Gates
                                                          Counsel for DIGITAL SHAPE
                                                          TECHNOLOGIES INC. and RADOMIR
                                                          NIKOLAJEV