1  Sean Gates (SBN 186247)
   CHARIS LEX P.C.
2  16 N. Marengo Ave., Suite 300
   Pasadena, CA 91101
3  Tel: 626-508-1717
   Fax: 626-508-1730
4  Email: sgates@charislex.com

5  Counsel for Petitioners Digital Shape
   Technologies Inc. and Radomir Nikolajev

6

7

8                  UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12                                    )  Case No.: 3:16-mc-80150-JSC
                                      )
13  IN RE: PETITION FOR JUDICIAL      )
    ASSISTANCE FOR THE ISSUANCE OF    )  **DECLARATION OF SEAN GATES IN**
14  SUBPOENAS PURSUANT TO 28 U.S.C. § )  **SUPPORT OF MOTION TO COMPEL BY**
    1782 TO OBTAIN DISCOVERY FOR USE  )  **DIGITAL SHAPE TECHNOLOGIES INC.**
15  IN A FOREIGN PROCEEDING           )  **AND RADOMIR NIKOLAJEV**
                                      )
16                                    )
    DIGITAL SHAPE TECHNOLOGIES, INC., )
17  and RADOMIR NIKOLAJEV,            )
                                      )
18           Petitioners.            )
                                      )
19                                    )
                                      )
20                                    )
                                      )
21                                    )
                                      )

22

23

24

25

26

27

28

                    DECLARATION OF SEAN GATES

## **DECLARATION OF SEAN GATES**

I, SEAN GATES, hereby declare as follows:

1.      I am an attorney licensed in the State of California.  I am counsel for Petitioners, Digital Shape Technologies Inc. and Radomir Nikolajev.  I make this declaration of my own personal knowledge, and if called upon to testify as a witness, I could and would competently testify thereto.  I submit this declaration in support of Petitioners' motion to compel discovery from Glassdoor Inc.

2.      On July 18, 2016, I met and conferred with Tom O'Brien, in-house counsel for Glassdoor, Inc., regarding the judgment entered against Glassdoor by the Quebec Superior Court, District of Montreal in *Digital Shape Technologies Inc. and Radomir Nikolajev v. Kelly Mikulec*, Case No. 500-17-080160-131.  Mr. O'Brien and I discussed the parties' substantive positions on the various categories of information Glassdoor had been ordered to produce.  We sought to reach a compromise, but were unable to do so.

3.      On July 20, 2016, this Court granted Petitioners' *ex parte* application for an order to conduct discovery pursuant to 28 U.S.C. § 1782.  Pursuant to that order, on July 21, 2016, I caused a subpoena to be served on Glassdoor, a true and correct copy of which is attached hereto as Exhibit A.

4.      On August 3, 2016, I met and conferred with Christopher Edgar, outside counsel for Glassdoor, regarding Petitioners' subpoena.  Mr. Edgar conveyed an offer to compromise, which was similar to that I had discussed with Mr. O'Brien.

5.      On August 4, 2016, Glassdoor served objections to Petitioners' subpoena, objecting to the production of any documents and to producing a custodian of records for deposition.  A true and correct copy of the objections is attached hereto as Exhibit B.

6.      On August 9, 2016, I met and conferred with Mr. Edgar regarding Glassdoor's objections, seeking narrow the areas of dispute.  Given Glassdoor's objections, the parties agreed to proceed by way of a motion to compel.

7.      Through follow up email correspondence with Mr. Edgar, the parties narrowed their areas of dispute to Requests Nos. 3. and 4 of the subpoena.  Glassdoor agreed to produce responsive

1

1 | documents with respect to Requests Nos. 1, 2, and 5.  In lieu of a deposition of Glassdoor's

2 | custodian of records, Glassdoor agreed to provide a notarized affidavit attesting to the authenticity of

3 | documents produced and to facts showing that the documents are business records.

4 |      8.    Attached hereto as Exhibit C is a true and correct copy of the Affidavit of François

5 | Corkery, which was filed in support of Petioners' application for a judgment against Glassdoor in the

6 | Canadian litigation.

7 |      I declare under penalty of perjury under the laws of the United States that the foregoing is

8 | true and correct and that this declaration was executed on August 21, 2016 at Pasadena, California.

9

10 | SEAN GATES

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

DECLARATION OF SEAN GATES

# Exhibit A

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

### Northern District of California

In re: Ex Parte Applicaiton of Digital Shape
Technologies, Inc. and Radomir Nikolajev )

*Plaintiff* )

v. )

)

)

*Defendant* )

Civil Action No.  3:16-mc-80150-JSC

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                        Glassdoor Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

The generation, storage, and authentication of documents provided in response to this subpoena and listed in Attachment A

| Place: 580 California St., 16th Floor<br>San Francisco, CA 94104 | Date and Time:<br>August 25, 2016 at 1:00 p.m. |
|---|---|

The deposition will be recorded by this method:   stenographically

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Attachment A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   July 20, 2016

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Sean Gates, 16 N. Marengo Ave., Suite 300, Pasadena, CA 91101; _____ , who issues or requests this subpoena, are:
sgates@charislex.com; 626-508-1717, representing Digital Shape Technologies and Radomir Nikolajev

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# **ATTACHMENT A**

**REQUEST NO. 1:**    A copy of all reviews, ratings and comments with respect to Digital Shape Technologies Inc., notwithstanding the fact they have since been removed.

**REQUEST NO. 2:**    Documents sufficient to show the submission (posting) date and time of the reviews, ratings and/or comments with respect to Digital Shape Technologies Inc. as well as the period during which they were published.

**REQUEST NO. 3:**    Documents sufficient to show the email address and IP address of the user who posted the March 7, 2013 review and rating of Digital Shape Technologies Inc. (attached hereto as Exhibit 1), as well as the URL corresponding to their submission.

**REQUEST NO. 4:**    The Google Analytics statistics reports relating to the March 7, 2013 review and rating of Digital Shape Technologies Inc. (Exhibit 1), including the number of users having viewed the March 7, 2013 review and rating (Exhibit 1), the time and date of viewing, the city associated with the IP addresses of these users, as well as their IP addresses.

**REQUEST NO. 5:**    Documents sufficient to show the number of individuals having indicated that the March 7, 2013 review and rating of Digital Shape Technologies Inc. (Exhibit 1) was "helpful", their IP addresses, email addresses and names as well as the URL corresponding to the submission of such forms, and the submission date.

EXHIBIT 1

109

Jobs Companies Salaries Interviews Sign Up | Sign In | Write a Review |

Companies | Company Name | Location | Search | Advanced

Featured Jobs powered by monster Click to see more

▸ Recent Graduate... ME Events Group has been a global leader in ... Montreal, QC

▸ Manager, Mercha... Mega Group Inc. - Boucherville or Mississauga... Boucherville, QC

PIÈCE/EXHIBIT P-2

## Digital Shape Technologies

1.0 of 5 – 1 reviews

www.dst.ca Montreal Canada 16 to 50 Employees

Work in HR? Unlock Your Company Profile

Write a Review | Follow

Overview | Salaries | Reviews | Interviews | Jobs | More

### See all Digital Shape Technologies Reviews (1)

Digital Shape Technologies Employee Review

Mar 07, 2013

### "Toxic environment and extreme paranoia"

Anonymous Employee (Former Employee)

Culture & Values
Senior Management
Comp & Benefits
Career Opportunities
Work/Life Balance

I worked at Digital Shape Technologies full-time for less than a year

**Pros** – Beautiful offices and great salary. Downtown location.

**Cons** – Extreme paranoia. very stressful, no policies or structure. Upper management rules by intimidation. Very high turnover. No communication. They won't do performance apprasals because that would mean putting something in writing - back to the paranoia. Horrible place to work. Privately owned - saturated with family members. Forget about positive feedback - you only hear negative, sometimes delivered loudly and angrily. No culture, no values.

**Advice to Senior Management** – Treat treat staff better. These talented people work hard and care about their contributions. Instead you treat them like trained monkeys. Staff deserve recognition, the chance for advancement and added responsibilities. Get a grip on the paranoia.

**No, I would not recommend this company to a friend** – I'm not optimistic about the outlook for this company

Was this review helpful? Yes | No Flag Review

Sponsored Jobs

Accounting Clerk
MD Physician Services – Montreal

Manager, Business Development
Ryan, LLC – Montreal

Featured Jobs powered by monster Click to see more

RioTinto ▸ Engineering St... Rio Tinto is a leading international mining group headquartered in ... Montréal, QC

▸ Fieldwork Manager - Great opp... Are you looking to build a career in p... Montreal, QC

▸ Chargé de Projet Senior RestaurationPremièreAction est la plus... Dorval, QC

Featured Jobs Post a Job

Operations Assistant
CAPERIO GROUP – Montreal

Administrative Assistant (Term)
Richardson International Limited – Boucherville

Sales Representative- Montreal
XPO Logistics – Vaudreuil-Dorion

Développeur Java senior - Java Senior Developer
Expedia – Montreal

Clinical Application Specialist
Fresenius Medical Care - North America – Montreal

Reviews by Company

Honda Reviews
Sony Reviews
The Bay Reviews
Apple Reviews
Google Reviews
Nokia Reviews
Microsoft Reviews
GE Reviews
Logitech Reviews
Lenovo Reviews
TELUS Reviews
AMD Reviews
CIBC Reviews
WIND Mobile Reviews

Work in HR or Recruiting?



IBM Reviews

**Salaries by Company**

Air Canada Salaries
RBC Salaries
UBC Salaries
Government of Canada Salaries
University of Toronto Salaries
Canada Post Salaries
Bank of Canada Salaries
British Columbia Government Salaries
TELUS Salaries
SAP Salaries
Starbucks Salaries
University of Waterloo Salaries
WestJet Salaries
Hydro One Salaries
Statistics Canada Salaries

About Us  |  Employers  |  Careers  |  Feedback  |  Help  |  Post a Job

Glassdoor is your free inside look at Digital Shape Technologies reviews and ratings. All reviews posted anonymously by Digital Shape Technologies employees.

Browse    Salaries by Job |  Salaries by Company |  Salaries by City |  Reviews by Company |  Interview Questions by Job |  Interviews by Company |  Jobs by Title |  Jobs by Company |  Jobs by City

Copyright © 2008–2013 Glassdoor. All Rights Reserved. Your use of this service is subject to our Terms of Use and Privacy & Cookies Policy. Glassdoor ® is a registered trademark of Glassdoor, Inc.

Work in HR or Recruiting?

Jobs    Companies    Salaries    Interviews            Sign Up | Sign In | Write a Review |

Interviews | Job Title or Company | Location | Search | Advanced

Prepay and save up to 30%    AVIS
BOOK NOW >

## Digital Shape Technologies

1.0 of 5 – 1 reviews
www.dst.ca  Montreal, Canada   16 to 50 Employees
Work in HR? Unlock Your Company Profile

Share an Interview
Follow

Overview | Salaries | Reviews | Interviews | Jobs | More

1 interview experiences    Back to all Digital Shape Technologies Interview Questions & Reviews

### Digital Shape Technologies Communications Interview
Posted Mar 07, 2013

Accepted Offer – Interviewed in Montreal, QC – Reviewed Mar 07, 2013

Interview Details It was too rushed (I should have suspected something) The HR guy called me 5 minutes after my interview to offer me the position. He also reverted to French during the interview while we were speaking English. This shocked me. He was very intense but I guess that's because he had a job to fill. He contacted me via LinkedIn.

Interview Question – None. They HR guy didn't know what he was doing. He asked me a few basic questions. I asked him a few. He was a bit evasive. I showed him my examples of writing and explained my experience.  Answer Question

Negotiation Details – nothing much. They wanted me so bad, they gave me top $$. Again this should have warned me.

Other Details - The process took 3 days.

Overall Negative Experience        ○○○○ Very Easy Interview

Helpful Interview?  Yes | No                                    Problem with this interview?

Sponsored Jobs

Accounting Clerk
MD Physician Services – Montreal

Manager, Business Development
Ryan, LLC – Montreal

Jobs Click to view

» **Sales Account Representative**
  Location: Sainte-Anne-de-Bellevue (Wes...
  Sainte-Anne-de-Bell

» **Receptionist**
  Multidev Technologies (www.chaindrive....
  Montreal, QC

» **The North Face: Apparel Sales...**
  At The North Face, we push the boundar...
  Saint-Laurent, QC

» **Customer Service Rep**
  Delmar International Inc. (www.delmarc...
  Lachine, QC

Featured Jobs                    Post a Job

  Operations Assistant
  CAPERIO GROUP – Montreal

  Administrative Assistant (Term)
  Richardson International Limited –
  Boucherville

  Sales Representative- Montreal
  XPO Logistics – Vaudreuil-Dorion

  Développeur Java senior - Java
  Senior Developer
  Expedia – Montreal

  Clinical Application Specialist
  Fresenius Medical Care - North America
  – Montreal

Interviews by Company

CIBC Interview
UBC Interview
Starbucks Interview
Air Canada Interview
RBC Interview
SAP Interview
University of Toronto Interview
TELUS Interview
ABC Interview
Canada Post Interview
TD Bank Interview
Aritzia Interview
Laura Interview
lululemon Interview

Work in HR or Recruiting?

Canada Revenue Agency Interview

## Salaries by Company

Air Canada Salaries
RBC Salaries
UBC Salaries
Government of Canada Salaries
University of Toronto Salaries
Canada Post Salaries
Bank of Canada Salaries
British Columbia Government Salaries
TELUS Salaries
SAP Salaries
Starbucks Salaries
University of Waterloo Salaries
WestJet Salaries
Hydro One Salaries
Statistics Canada Salaries

About Us  |  Employers  |  Careers  |  Feedback  |  Help  |  Post a Job

Glassdoor is your free inside look at Digital Shape Technologies Communications interview questions and advice. All interview
reviews posted anonymously by Digital Shape Technologies employees and interview candidates.

Browse:    Salaries by Job  |  Salaries by Company  |  Salaries by City  |  Reviews by Company  |  Interview Questions by Job  |  Interviews by Company  |  Jobs by Title  |  Jobs by Company  |  Jobs by City

Copyright © 2008–2013 Glassdoor. All Rights Reserved. Your use of this service is subject to our Terms of Use and Privacy & Cookies Policy. Glassdoor ® is a registered trademark of Glassdoor, Inc.

Work in HR or Recruiting?

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| SEAN GATES<br>CHARIS LEX PC<br>16 N. MARENGO AVENUE<br>SUITE 300<br>PASADENA, CA 91101<br>*Telephone No:* 626-508-1717<br><br>*Attorney for:* | *Ref. No. or File No.:* | |

*Insert name of Court, and Judicial District and Branch Court:*

United States District Court For The Northern District Of California

*Applicant:* IN RE: EX PARTE APPLICATION OF DIGITAL SHAPE
: TECHNOLOGIES, INC., ET AL.

| **PROOF OF SERVICE<br>SUBPOENA** | *Hearing Date:*<br>Thu, Aug. 25, 2016 | *Time:*<br>1:00PM | *Dept/Div:* | *Case Number:*<br>3:16-MC-80150-JSC |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION; ORDER GRANTING REQUEST FOR AND ORDER TO CONDUCT DISCOVERY FOR USE IN A FOREIGN LEGAL PROCEEDING PURSUANT TO 28 U.S.C. § 1782

*3. a. Party served:*              GLASSDOOR INC.
   *b. Person served:*            VALERIE VILLEGAS, PROCESS SPECIALIST, CT CORPORATION SYSTEM, REGISTERED AGENT.

*4. Address where the party was served:*      818 WEST SEVENTH STREET
                                              SUITE 930
                                              LOS ANGELES, CA 90017

*5. I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Thu., Jul. 21, 2016 (2) at: 9:30AM
   *b. I received this subpoena for service on:*     Wednesday, July 20, 2016

*6. Witness fees were offered or demanded, and paid:*      $40.00

*7. Person Who Served Papers:*                               Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. DOUG FORREST                                   d.  *The Fee for Service was:*



**First<br>Legal**

**1511 West Beverly Blvd.**
**Los Angeles, CA 90026**
**Telephone    (213) 250–9111**
**Fax           (213) 250–1197**
**www.firstlegalnetwork.com**

   e.  I am: (3) registered California process server
       *(i)*    Independent Contractor
       *(ii)   Registration No.:*     5141
       *(iii)  County:*               Los Angeles

*8. I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of*
   *America that the foregoing is true and correct.*
   Date:  *Tue, Jul. 26, 2016*

PROOF OF SERVICE
                                              SUBPOENA                    (DOUG FORREST)      *3082281  .chalex.825510*

# Exhibit B

1    WILLIAM J. FRIMEL (Bar No. 160287)
     bill@sffwlaw.com
2    Seubert French Frimel & Warner LLP
     1075 Curtis Street
3    Menlo Park, CA  94025
     Tel:  650.322.3048
4    Fax:  650.322.2976

5    Attorneys for Nonparty
     GLASSDOOR, INC.
6

7

8                     UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11

12                                        Case No. 3:16-mc-80150-JSC

13   In re:  Ex Parte Application of DIGITAL   **NONPARTY GLASSDOOR, INC.'S**
     SHAPE TECHNOLOGIES, INC. and        **RESPONSES AND OBJECTIONS TO**
14   RADOMIR NIKOLAJEV                    **PLAINTIFFS DIGITAL SHAPE**
                                          **TECHNOLOGIES, INC.'S AND RADOMIR**
15                                        **NIKOLAJEV'S SUBPOENA TO TESTIFY**
                                          **AT A DEPOSITION IN A CIVIL ACTION**
16

17

18

19

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────────────
     NONPARTY GLASSDOOR, INC.'S RESPONSES AND OBJECTIONS TO SUBPOENA

Nonparty Glassdoor, Inc. ("Glassdoor") hereby responds and objects to the Subpoena to Testify at a Deposition in a Civil Action (the "Subpoena") served by Plaintiffs Digital Shape Technologies, Inc. and Radomir Nikolajev ("Plaintiffs"), and dated July 20, 2016, as follows.

## GENERAL STATEMENT AND OBJECTIONS

1.      All of the responses contained herein are based only on the information that is presently available to and specifically known to Glassdoor.  The following responses are given without prejudice to Glassdoor's right to further object upon the discovery of additional facts.

2.      In addition to any specific objections that may be made in the separate responses set forth below, Glassdoor objects generally to each Request for Production of Documents ("Request") and Category of Testimony ("Category") in the Subpoena to the extent it seeks to elicit information subject to and protected by the attorney-client privilege and/or the attorney work product doctrine and/or any other applicable privilege.  Nothing contained herein is intended to be or should be construed as a waiver of the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection or doctrine.

3.      Glassdoor further objects generally to each Request and Category to the extent that it purports to impose obligations upon Glassdoor exceeding those authorized by the Federal Rules of Civil Procedure and any other applicable statute or rule.

4.      Glassdoor objects to the Subpoena to the extent that it seeks confidential, proprietary, trade secret and/or competitively sensitive material.

5.      Glassdoor objects to the Subpoena on the ground that Plaintiffs have failed to demonstrate that they have exhausted alternate methods of obtaining the information they seek, including an internal investigation and/or interviews of former employees and job applicants.

6.      This General Statement and Objections shall be deemed to be incorporated in full into each response separately set forth below.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 1:

A copy of all reviews, ratings and comments with respect to Digital Shape Technologies

1  Inc., notwithstanding the fact they have since been removed.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

3       Glassdoor objects to this Request on the ground that it is overly broad, unduly

4  burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that

5  Plaintiffs' claims solely concern the March 7, 2013 review (the "Review") posted by the

6  defendant in the related action brought by Plaintiffs in the Superior Court of Quebec, Canada (the

7  "Canadian Action"), and not any other reviews of Plaintiff Digital Shape Technologies, Inc.

8  ("DST") that may have been posted on glassdoor.com, and Plaintiffs are already in possession of

9  the Review.

10       Glassdoor further objects to this Request on the ground that the term "comments" is vague

11  and ambiguous in the context of this Request.

12  **REQUEST FOR PRODUCTION NO. 2:**

13       Documents sufficient to show the submission (posting) date and time of the reviews,

14  ratings and/or comments with respect to Digital Shape Technologies Inc. as well as the period

15  during which they were published.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

17       Glassdoor objects to this Request on the ground that it is overly broad, unduly

18  burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that

19  Plaintiffs' claims solely concern the Review, and not any other reviews of DST that may have

20  been posted on glassdoor.com, and Plaintiffs are already in possession of the Review.

21       Glassdoor further objects to this Request on the ground that the term "comments" is vague

22  and ambiguous in the context of this Request.

23  **REQUEST FOR PRODUCTION NO. 3:**

24       Documents sufficient to show the email address and IP address of the user who posted the

25  March 7, 2013 review and rating of Digital Shape Technologies Inc. (attached hereto as Exhibit

26  1), as well as the URL corresponding to their submission.

27

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

2          Glassdoor objects to this Request on the ground that using the judicial process to force the

3  disclosure of personal information concerning the person who posted the Review would violate

4  their right to speak anonymously under the First Amendment to the United States Constitution,

5  their right to privacy under Article I, Section 1 of the California Constitution, and their

6  corresponding and related rights under the Canadian Charter of Rights and Freedoms.  The author

7  of the Review posted their opinion anonymously on a matter of public interest, with a reasonable

8  expectation that their identity would not be revealed.  Further, requiring Glassdoor to release the

9  author's identity would harm Glassdoor's reputation and discourage future users from posting to

10  its site, which could decrease Glassdoor's website traffic and revenue.

11          Glassdoor further objects to this Request on the ground that Plaintiffs have failed to make

12  a prima facie showing that any statement in the Review is actionable.  *See, e.g., Krinsky v. Doe 6,*

13  159 Cal. App. 4th 1154, 1177 (Cal. App. 2008); *Highfields Capital Mgmt., L.P. v. Doe,* 385 F.

14  Supp. 2d 969, 979 (N.D. Cal. 2005).  Plaintiffs cannot use the legal process to root out

15  dissatisfied employees legitimately exercising their right to free speech.  All of the challenged

16  statements in the Review are protected opinion, patently hyperbolic, not harmful to Plaintiffs'

17  reputation, and/or statements of fact that Plaintiffs have not contested.

18          Glassdoor further objects to this Request on the ground that Plaintiffs have failed to

19  demonstrate that they have exhausted alternate methods of obtaining the information they seek,

20  including an internal investigation and/or interviews of former employees and job applicants.

21          Glassdoor further objects to this Request on the ground that it is overly broad, unduly

22  burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that

23  Plaintiffs claim already to be aware of the identity of the author of the Review, and thus it is

24  unnecessary for Plaintiffs to obtain the author's personal information.

25  **REQUEST FOR PRODUCTION NO. 4:**

26          The Google Analytics statistics reports relating to the March 7, 2013 review and rating of

27  Digital Shape Technologies Inc. (Exhibit 1), including the number of users having viewed the

28                                                              -3-

1   March 7, 2013 review and rating (Exhibit 1), the time and date of viewing, the city associated

2   with the IP addresses of these users, as well as their IP addresses.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

4       Glassdoor objects to this Request on the ground that using the judicial process to force the

5   disclosure of personal information relating to any user(s) who viewed the Review would violate

6   their right to engage in anonymous communication under the First Amendment to the United

7   States Constitution, their right to privacy under Article I, Section 1 of the California Constitution,

8   and their corresponding and related rights under the Canadian Charter of Rights and Freedoms.

9   The users in question had a reasonable expectation, in viewing the Review, that their identities

10   and personal information would not be revealed.  Further, requiring Glassdoor to release its users'

11   personal information would harm Glassdoor's reputation and discourage future users from

12   posting to its site, which could decrease Glassdoor's website traffic and revenue.

13       Glassdoor further objects to this Request on the ground that Plaintiffs have failed to make

14   a prima facie showing that any conduct by users who may have viewed the Review is actionable.

15   *See, e.g., Krinsky v. Doe 6,* 159 Cal. App. 4th 1154, 1177 (Cal. App. 2008); *Highfields Capital*

16   *Mgmt., L.P. v. Doe,* 385 F. Supp. 2d 969, 979 (N.D. Cal. 2005).

17       Glassdoor further objects to this Request on the ground that it is overly broad, unduly

18   burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that

19   the "Google Analytics statistics reports relating to the March 7, 2013 review" are not relevant to

20   Plaintiffs' claim that the Review is defamatory.

21       Glassdoor further objects to this Request on the ground that statistics regarding the

22   viewership of glassdoor.com are confidential and proprietary Glassdoor business information, and

23   as such protected from disclosure.

24   **REQUEST FOR PRODUCTION NO. 5:**

25       Documents sufficient to show the number of individuals having indicated that the March

26   7, 2013 review and rating of Digital Shape Technologies Inc. (Exhibit 1) was "helpful", their IP

27   addresses, email addresses and names as well as the URL corresponding to the submission of

28   -4-

1   such forms, and the submission date.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

3       Glassdoor objects to this Request on the ground that using the judicial process to force the

4   disclosure of personal information relating to any user(s) who indicated the helpfulness of the

5   Review would violate their right to engage in anonymous communication under the First

6   Amendment to the United States Constitution, their right to privacy under Article I, Section 1 of

7   the California Constitution, and their corresponding and related rights under the Canadian Charter

8   of Rights and Freedoms.  Any such users had a reasonable expectation, in indicating the

9   helpfulness of the Review, that their identities would not be revealed.  Further, requiring

10   Glassdoor to release its users' personal information would harm Glassdoor's reputation and

11   discourage future users from posting to its site, which could decrease Glassdoor's website traffic

12   and revenue.

13       Glassdoor further objects to this Request on the ground that Plaintiffs have failed to make

14   a prima facie showing that any conduct by users who may have indicated the helpfulness of the

15   Review is actionable.  *See, e.g., Krinsky v. Doe 6,* 159 Cal. App. 4th 1154, 1177 (Cal. App.

16   2008); *Highfields Capital Mgmt., L.P. v. Doe,* 385 F. Supp. 2d 969, 979 (N.D. Cal. 2005).

17       Glassdoor further objects to this Request on the ground that it is overly broad, unduly

18   burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that

19   personal information relating to any users of glassdoor.com who may have indicated the

20   helpfulness of the Review is not relevant to the claims and defenses at issue in this action.

21   <div align="center">**RESPONSES TO CATEGORIES OF TESTIMONY**</div>

22   **CATEGORY OF TESTIMONY NO. 1:**

23       The generation, storage and authentication of documents provided in response to this

24   subpoena and listed in Attachment A.

25   **RESPONSE TO CATEGORY OF TESTIMONY NO. 1:**

26       Glassdoor objects to this Category on the ground that it is overly broad, unduly

27   burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that

28   <div align="center">-5-</div>

1    it is unnecessary for Plaintiffs to take Glassdoor's deposition in order to receive confirmation that

2    any documents provided by Glassdoor to Plaintiffs are true and correct copies.  Glassdoor can

3    attest to the authenticity of such documents by way of a declaration.  Moreover, the "generation"

4    and "storage" of the requested documents are not relevant to the claims and defenses asserted in

5    this action.  Accordingly, requiring Glassdoor to produce a witness to testify regarding this

6    Category would impose an unnecessary cost and burden on Glassdoor.

7          Glassdoor further objects to this Request on the ground that the manner in which

8    documents in Glassdoor's possession are "generated" and "stored" constitutes confidential and

9    proprietary Glassdoor business information, and is thus protected from disclosure.

10          Glassdoor will not produce a witness in response to this Category.

11

12    Dated:  August 4, 2016

13                                                              _____
                                                              WILLIAM J. FRIMEL
14                                                              Attorneys for Nonparty
                                                              GLASSDOOR, INC.
15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                -6-
_____
NONPARTY GLASSDOOR, INC.'S RESPONSES AND OBJECTIONS TO SUBPOENA

Exhibit C

CANADA

PROVINCE DE QUÉBEC
DISTRICT DE MONTRÉAL

Nº: 500-17-080160-131

COUR SUPÉRIEURE

---

**DIGITAL SHAPE TECHNOLOGIES INC.**

-et-

**RADOMIR NIKOLAJEV**

                    Demandeurs/Défendeurs reconventionnels

c.

**KELLY MIKULEC**

                    Défenderesse/Demanderesse reconventionnelle

-et-

**LES CARRIÈRES JOBWINGS.COM INC.**

                                        Mise-en-cause

-et-

**GLASSDOOR INC.**

                                        Mise-en-cause

---

CANADA

PROVINCE DE QUÉBEC
DISTRICT DE MONTRÉAL

Nº : 500-17-075087-125

COUR SUPÉRIEURE

---

**DIGITAL SHAPE TECHNOLOGIES INC.**

-et-

**RADOMIR NIKOLAJEV**

                                        Demandeurs

c.

**JESSICA WALKER**

                                        Défenderesse

-et-

**LES CARRIÈRES JOBWINGS.COM INC.**

                                        Mise-en-cause

---

## AFFIDAVIT OF FRANÇOIS CORKERY

---

I, the undersigned, **FRANÇOIS CORKERY**, Director at PricewaterhouseCoopers LLP in the Forensic Technology Services group in Ottawa, Ontario.  A key focus of my work is on conducting and managing digital forensic investigations and evidence while following industry standard methodologies.

2

1. I am qualified as an expert witness in the field of computer and mobile phone forensics in both the Ontario Provincial and Superior Courts of Justice, as appears from my resume communicated hereto as Exhibit FC-1.

2. With 26 years of experience in policing with the Ottawa Police Service (OPS), I was involved in a wide range of criminal investigations.

3. Eight years were dedicated to conducting examinations of digital devices in support of criminal investigations.

4. This affidavit was prepared by François Corkery of Pricewaterhouse Coopers LLP at the request of Mr. Tommy Tremblay of Borden Ladner Gervais LLP.

5. Mr. Tremblay requested that I explain Internet Protocol (IP) addresses and using an IP address to identify who may have posted information on a website.

6. It should be noted that the information contained in this affidavit has been written in a manner to explain in lay terms the use of IP addresses with respect to browsing websites and that a complete technical explanation of the Internet Protocol is beyond the scope of this affidavit.

7. Internet Protocol (IP) addresses are unique numbers used to identify computing devices on a network of computing devices such as within a business environment or on the Internet. An IP address can be likened to a telephone number. When two devices communicate with each other, they identify each other using their IP address.

8. An IP address is made up of four octets of binary numbers. For ease of understanding they are commonly written in decimal format, separated by periods and would appear similar to 192.188.1:1 with the highest being 255.255.255.255. Although two types of IP addresses exist (IPv4 and IPv6), the most prevalent is the IPv4 which I am referring to.

9. When an entity such as a business has computing devices that connect to the internet, it typically does so in a fashion similar to an internal phone system. There may be one IP address associated to the entity similar to a main telephone number. The telephone network will use phone extensions to differentiate separate phones and the computer network will use internal IP addresses to identify its various computing devices. Outgoing calls on the telephone network will display the main telephone number when displayed on the receiving telephone. Outgoing connections from computing devices will broadcast the main IP address of the entity. The device used to distribute information to and from the computing devices is a router and it operates similarly to a telephone switchboard.

10. An IP address may be registered to and assigned by an Internet Service Provider (ISP) or be registered to another entity such as a business which uses a single IP address. An ISP can assign an IP address to a corporate entity or an individual (paying for the internet services associated to the IP address) but I have never seen an IP address registered to an individual. In the case of an ISP, the number may be static (you always have the same number) or dynamic (the number may change with each internet session). For this reason, identifying the user of an IP address in order to link them to an event to which the IP is associated requires the exact date and time associated to the event.

3

11.   IP addresses are registered with the American Registry for Internet Numbers (ARIN) within North America. The database is a public record that anyone can query to determine to whom an IP address is registered.

12.   If accessing a website using a computing device, the IP address of the website is required. Because IP addresses are numerical in nature, it is commonplace to use a Uniform Resource Locater (URL) address which is commonly referred to as a web address. A Domain Name System (DNS) server uses its database to translate the URL to the IP address of the web hosting computer.

13.   When a computing device accesses a website, the IP address associated to the computer system is communicated to the computer system which hosts the website. The IP addresses are logged by the host system and depending on the host they may be retained for varying amounts of time.

14.   The IP address assigned to the account holder's computing device used to access a website can be searched in the public ARIN database to determine to whom the IP address is registered, whether it is an ISP or another entity.

15.   When the registration information is known, contacting the registered entity will be required to determine the type of network, whether the IP address is dynamic or static and whether more than one computing device shares the IP address to access the internet.

16.   If the computing device used to access the website was sharing an internet connection with other computing devices, it would require a device such as a router.

17.   In this situation, determining which computing device accessed the website, requires computer logs from the technical environment that the computing device used to access the website from.

18.   In order to identify the specific computing device used, one would have to obtain the information from the entity (e.g. an ISP or a business corporation) to which the IP address is registered to. Only after the computing device is identified can we attempt to identify the user of said computing device.

19.   All facts alleged to this Affidavit are true and correct.

AND I HAVE SIGNED:

FRANÇOIS CORKERY

Solemnly declared before me in Ottawa ON
this 9 day of June 2016

Commissioner for Oath

Elizabeth Middleton Spencer, a Commissioner, etc.,
City of Ottawa, for Borden Ladner Gervais LLP,
Barristers and Solicitors.
Expires April 15, 2018.

24



**pwc**

Pricewaterhouse Coopers LLP
Forensic Technology Services
99 Bank St. suite 800
Ottawa, Ontario
K1P 1E4

This is Exhibit......FC-1......referred to in the affidavit of....François Corkery......
sworn before me, this ......9th......
day of......June......20.16.

......

A COMMISSIONER FOR TAKING AFFIDAVITS

Elizabeth Middleton Spencer, a Commissioner, etc.,
City of Ottawa, for Borden Ladner Gervais LLP,
Barristers and Solicitors.
Expires April 15, 2018.

# FRANÇOIS CORKERY

### Area of expertise
Computer Forensic Examination
Mobile Phone Forensic Examination

### Expert Witness Qualifications
The following qualifications include cases in which testimony was given in court. It does not include cases in which forensics reports were admitted into evidence without testimony

November 2008 – R. v. Tang (Ontario Superior Court of Justice)
 Qualified as Expert in the Field of Computer Forensic Examinations

January 2010 - R v. Winchester (Ontario Superior Court of Justice)
 Qualified as Expert in the Field of Computer Forensic Examinations

March 2010 – R vs Lakomy (Ontario Provincial Court)
Qualified as Expert in the Field of Computer Forensic Examinations

December 2011 R vs Kosar (Ontario Provincial Court)
Qualified as Expert in the Field of Mobile Phone Forensic Examinations

October 2012 R vs Ganong and Perrier (Ontario Superior Court of Justice)
Qualified as Expert in the Field of Mobile Phone Forensic Examinations

April 2013 R vs Eaton (Ontario Superior Court of Justice)
Qualified as Expert in the Forensic Examination of Blackberry 9700

February 2014 R. vs. Miles & Brown (Ontario Superior Court of Justice)
Qualified as Expert in the Field of Mobile Forensic Examinations

September 2015 R vs. Mata-Escobar (Ontario Provincial Court)
Qualified as an Expert in the Field of Mobile Forensic Examinations

October 2015 R vs. Quintin (Ontario Provincial Court)
Qualified as an expert in the field of Computer and Mobile Forensic Examinations.



**pwc**

## Organisation Memberships

High Tech Crime Investigation Association
Member since 2008

Canadian Association of Chiefs of Police
Associate member since 2016

## Professional Experience

### Director, Forensic Technology Service
Pricewaterhouse Coopers LLP
January 2016 to present
Conduct and manage digital forensic investigations following industry standard methodology for a wide range of private, public and government organizations
-Prepare forensic reports
-Provide assistance and guidance to clients and colleagues with respect to digital technology and recovery of data
-Provide expert opinion to clients with respect to digital technology and forensic analysis.

### Computer Forensic Examiner
Computer Forensic Unit
Ottawa Police Service (OPS)
November 2007 to January 2016
Conduct forensic examinations on computers, cell phones and digital media in support of criminal investigations.
-Provide assistance and guidance to investigators and front line officers with respect to digital technologies as they relate to investigations.
-Provide training to front line and investigative units
-Regular Subject Matter Expert lecturer at the Canadian Police College on the topic of Mobile Phone Forensics

### Investigator - Integrated National Security Enforcement Team
Royal Canadian Mounted Police (Secondment)
March 2003 to August 2007
Top Secret Security Clearance and Communications Security Establishment (CSE) training
-Investigate and prevent offences related to National Security as defined in the Official Secrets Act, the CSIS Act, the Security Offences Act, the Criminal Code and other pertinent statutes.

### Investigator - Hate Crime Section - OPS
Ottawa Police Service
January 2001 to March 2003
-Investigate complaints of possible hate or bias motivated offences including search warrant preparation and execution.
-Investigate "hate" web sites including tracing the sources and identifying the Internet Service Provider's as well as owners of the sites using commercially available software.
-Monitor Canadian left and right wing extremist web sites and open source media sites to obtain information on activities which may occur in Ottawa and have the potential to become a venue for criminal extremists.



**pwc**

-Prepare and deliver educational presentations to officers with regards to hate/bias crime laws, Hate Crime identifiers and organized groups as well as the implications of Bill C-36 (anti-terrorism) on Hate Crime Laws.

### Collision Investigator - Traffic Section
Ottawa Police Service
May 1995-October 1996
As a collision investigator I was responsible for investigating serious injury and fatal motor vehicle collisions as well as fail to remain collisions.
-Responsible for all technical aspects of accident scene investigation except for photography including calculating speeds etc of involved vehicles.
-Responsible for collecting, processing and maintaining continuity of evidence exhibits.

### *Differential Police Response (DPR) Call Manager*
- Communications Section
Ottawa Police Service
January 2000- to December 2000
- Responsible for managing priority calls for service and ensuring area response in accordance with OPS call priority protocols.

### *Communications Centre Sergeant*
Ottawa Police Service
July 1999 to January 2000
Acting D Platoon Sergeant supervising fifteen civilian call takers, 9-1-1 operators and dispatchers.
-Oversee daily operations and ensure that calls for service were handled according to OPS Policies and Procedures.

### *Information Desk Officer - Divisional Information Services*
Ottawa Police Service
January 1999-July 1999
-Take complaints from persons reporting directly at police stations and by telephone including initial investigation or proper routing for follow-up.
-Respond to varied requests from members of the public for information about the OPS, criminal offences, Highway Traffic Act and situational advice.

### *Intake officer - Youth Services*
Ottawa Police Service
July 1998-January 1999
- Broad-based responsibility for investigation and charging of criminal offences committed by Young Offenders including follow-through court preparation and liaising with families to ensure they were aware of all available community resources to assist them.

### *School Resource officer - Youth Services*
Ottawa Police Service
October 1996-July 1998
As a bilingual School Resource Officer I was responsible for the liaison between this Service and approximately twenty-five assigned schools.
- Duties included incident response and investigation of alleged criminal



**pwc**

offences as well as developing and delivering lectures to students, faculty and staff on topics such as safety, Young Offenders Act, drugs and alcohol, and Criminal Code issues.
- Heavy focus on holistic problem-solving.

### *Motorcycle Enforcement Officer - Traffic Section*
Ottawa Police Service
October 1992-May 1995
-Investigated public complaints under the Highway Traffic Act including developing strategies to solve chronic problems.
-Provided vehicle escorts for foreign heads of state.

### *Patrol Officer*
Ottawa Police Service
December 1989-October 1992
As a patrol officer I was tasked with responding to calls for service from the general public, investigating complaints and resolving them in the appropriate manner including the full range between warnings and laying criminal charges.
-Developed community contacts and partnerships as well as informants.
-Helped develop strategies for dealing with chronic pan-handling and drug dealing in the Byward Market area.

### *Computer & Forensic Training*
Advanced JTAG Mobile Forensics
Teel Technologies- Peel Region April 2015

Certified Cellebrite UFED Physical Examiner Course
Ottawa, September 2013

Certified Cellebrite UFED Mobile Device Examiner Course
Ottawa, September 2013

RadioTactics Aceso Certified Training
Mobile Phone Examinations using the Aceso Hardware
Ottawa, Ontario March 2013

Blackbag Technologies BBT 200
Mac Forensic Primary Analysis
Waterloo, Ontario, October 2012

Mobile Phone Seizure Certification Trainer Course
BK Forensics-Myrtle Beach SC, USA, June2012

AME (Access Data Mobile Phone Examiner) Certification
Access Data-Myrtle Beach SC, USA, June2012

Advanced Cell Phone Repair and Chip-off Course
Teel Technologies- Toronto ON, May 2012

Forensic Tool Kit Windows Forensics Registry
Access Data – New York City, NY, USA December 2009

4 of 7



**pwc**

Wireless Network Course
Canadian Police College November 2009

Macintosh Electronic Search and Seizure Course
Canadian Police College – August 2009

Mobile Forensics Inc Mobile Forensics 201
Austin, Texas, USA – August 2009

Mobile Forensics Inc Mobile Forensics 101
Peel Regional Police - March 2009

Cellular Phone Seizure and Analysis Workshop
Canadian Police College - February 2009

EnCase Advanced Computer Forensics
Forensic Data Recovery - Markham, Ontario - September 2008

Forensic Toolkit Windows Forensics-XP
Access Data - Ottawa, Ontario - July 2008

Canadian Internet Child Exploitation Course
Canadian Police College - April 2008

Forensic Toolkit Boot Camp – Access Data
Toronto, Ontario - March 2008

Computer Forensic Examiner Course
Canadian Police College - February 2008

EnCase Computer Forensics I - Forensic Data Recovery
Markham, Ontario - November 2007

Digital Technologies For Investigators
Canadian Police College - June 2007

Tactical use of the internet
RCMP Centralized training Regina - November 2004

Internet Search Techniques (advanced)
Canadian Police College - May 2003

Internet Search Techniques (Intermediate)
Canadian Police College - March 2002

Internet Search Techniques (Basic)
Canadian Police College - March 2001


**Other Professional -Police Training**
Islamic Extremism Workshop
CSIS Training & Development - December 2006


pwc

Search Warrant Drafting Course
RCMP National Training
Canadian Coast Guard College, Sydney N.S. - June 2006

Basic Surveillance Course
RCMP Ottawa - March 2004

Human Source Management Course
RCMP CPC - January 2004

Third Symposium on Issues in Search and Seizure Law in Canada
Osgoode Hall Law School - September 2003

Basic Terrorism Financing Course
RCMP Centralized Training Regina - June 2003

National Security Enforcement Course
RCMP Centralized training Regina - May 2003

Street Gangs Workshop
Ottawa Police Service PDC - October 2002

O.P.P. Hate Crime and Extremism Conference
Niagara Falls - October 2002

R.C.M.P. "A" INSET Training Day - Terrorism and Islamic extremism
September 2002

Informant Development
Criminal Intelligence Service of Ontario - March 2002

RCMP B.C. Multiculturalism - Hate Crime Investigator Course
RCMP Pacific Region Training Centre - February 2002

Hate Crime Investigator Course
Windsor Police Service - October 2001

Media Relations
PDC - March/April 2001

Major Case Management
Ontario Police College (PDC Ottawa) - March 2001

General Investigative Techniques
Ontario Police College (PDC Ottawa) - December 2000

O.A.C.P. Constable Selection System
Behavioural Event Interviewing and Background Investigation Course
PDC Ottawa - November 2000

30



**pwc**

Records Management System Trainer Course
November 1998

Management of Organizational Behaviour Workshop
September 1997

Workplace Harassment Managers Workshop
Ottawa-Carleton Police Service - April 1997

Effective Presentation
Canadian Police College - November 1995

Level II Traffic Investigation
Ottawa Police Service - March 1995

Intermediate Constable Training
Ontario Police College - March 1992

Basic Constable Training
Ontario Police College - February 1990-April 1990

# COUR SUPÉRIEURE

## DISTRICT DE MONTRÉAL

---

No : 500-17-080160-131

DIGITAL SHAPE TECHNOLOGIES INC. –et-
RADOMIR NIKOLAJEV

Demandeurs/Défendeurs reconventionnels

c.
KELLY MIKULEC

Défenderesse/Demanderesse reconventionnelle

-et-
LES CARRIÈRES JOBWINGS.COM INC.

Mise-en-cause

-et-
GLASSDOOR INC.

Mise-en-cause

No : 500-17-075087-125
DIGITAL SHAPE TECHNOLOGIES INC. –et-
RADOMIR NIKOLAJEV

Demandeuers

c.

JESSICA WALKER

Défenderesse

-et-
LES CARRIÈRES JOBWINGS.COM INC.

Mise en cause

---

## AFFIDAVIT OF FRANÇOIS CORKERY

---

## EXHIBIT FC-1



**BLG**
**Borden Ladner Gervais**
B.M. 2545

1000, rue De La Gauchetière Ouest
Bureau 900
Montréal, QC, Canada  H3B 5H4
Tél.    514.879.1212
Téléc.  514.954.1905
egaudet@blg.com

Me Tommy Tremblay
Dossier : 295918-000003 et 000004

COUR SUPÉRIEURE

DISTRICT DE MONTRÉAL

No :500-17-080160-131

DIGITAL SHAPE TECHNOLOGIES INC. –et-
RADOMIR NIKOLAJEV

Demandeurs/Défendeurs reconventionnels

c.

KELLY MIKULEC

Défenderesse/Demanderesse reconventionnelle

-et-
LES CARRIÈRES JOBWINGS.COM INC.

Mise-en-cause

-et-
GLASSDOOR INC.

Mise-en-cause

No :  500-17-075087-125
DIGITAL SHAPE TECHNOLOGIES INC. –et-
RADOMIR NIKOLAJEV

Demandeurs

c.

JESSICA WALKER

Défenderesse

-et-
LES CARRIÈRES JOBWINGS.COM INC.

Mise en cause

**AFFIDAVIT OF FRANÇOIS CORKERY**

**ORIGINAL**



1000, rue De La Gauchetière Ouest
Bureau 900
Montréal, QC, Canada  H3B 5H4
Tél.      514.879.1212
Téléc.    514.954.1905
egaudet@blg.com

B.M. 2545

Me Tommy Tremblay
Dossier : 295918-000003 et 000004