# SUPERIOR COURT

CANADA
PROVINCE OF QUEBEC
DISTRICT OF MONTRÉAL

No:    500-17-080160-131

DATE:  June 16, 2016

BY:    THE HONOURABLE JOHANNE MAINVILLE, J.C.S.

**DIGITAL SHAPE TECHNOLOGIES INC.**
and
**RADOMIR NIKOLAJEV**
   Plaintiffs/Cross-Defendants
v.
**KELLY MIKULEC**
   Defendant/Cross-Plaintiff
and
**LES CARRIÈRES JOBWINGS. COM INC.**
and
**GLASSDOOR INC.**
   Mise en cause

## JUDGMENT RENDERED ON THE BENCH

[1]  UPON the Plaintiffs' Amended Application for disclosure and communication of documents;

[2]  CONSIDERING that, on March 9, 2013, Plaintiffs instituted a defamation suit against Defendant Kelly Mikulec alleging that, on March 7, 2013, she published false and defamatory posts concerning them on Les Carrières Jobwings.Com inc. («Jobwings») and Glassdoor Inc's webside («Glassdoor»);

JM 2141

500-17-080160-131 PAGE: 2

[3] CONSIDERING that Jobwings and Glassdoor operate a website which is accessible to the general public;

[4] CONSIDERING that the Defendant Ms Mikulec has admitted being the author of the March 7, 2013 post;

[5] CONSIDERING that Glassdoor (a) refused to provide the requested documentation and replied on April 7, 2016 that «*it generally does not retain such information upon user deletion*», (b) acknowledged receipt of the present Application (c) informed Plaintiffs that it would not be filing an affidavit in the present proceeding, and (d) added that it «*does not believe it is subject to jurisdiction in Canada*» while providing no further clarification as to the information it possesses;

[6] CONSIDERING that, though duly notified, no Glassdoor representative was present in Court for the hearing on the Plaintiffs' Amended Application;

[7] CONSIDERING that par. 3148 (3) of the Civil Code of Québec provides as follows:

> **Art. 3148** In personal actions of a patrimonial nature, Québec authorities have jurisdiction in the following cases:
>
> (3) a fault was committed in Québec, injury was suffered in Québec, an injurious act occurred in Québec or one of the obligations arising in Québec or one of the obligations arising from a contract was to be performed in Québec

[8] CONSIDERING that in the present case, the fault was committed in Québec, as recognized by Ms Mikulec, and the damage occurred in Québec;

[9] CONSIDERING the decisions of the Québec Court of Appeal in *Transat Tours Canada inc. v. Impulsora Turistica de Occidente, s.a. de c.v.* 2006 QCCA 431, par. 37, 48-49 and *Commission scolaire des Affluents v. Commission des droits de la personne et de la jeunesse*, 2006 QCCA 81, par. 20;

[10] CONSIDERING the validity of the electronic notification of the Amended Application and art. 110 of the Civil Code of Procedure of Québec;

[11] CONSIDERING that Ms Mikulec consents that the requested documents be communicated to the Plaintiffs insofar as Glassdoor also consents to the communication, with the exception to her email address and IP address;

[12] CONSIDERING that this information is however relevant and useful for the purpose of the underlying lawsuit, including the IP address of the users who have viewed the March 7, 2013 post and have indicated it "helpful»;

500-17-080160-131 PAGE: 3

[13]   CONSIDERING that Glassdoor's Posting Guidelines encourage its users to post balanced and non-defamatory content;

[14]   CONSIDERING that the Policies, Terms and Conditions and Guidelines of Glassdoor's website modulate the expectations of privacy for their users in that, notably, the Terms and Condition Policy provides the following:

> Glassdoor Terms of Use
>
> (...)
>
> These Terms of Use (the «Terms») govern your access to and use of our websites, emails and mobile applications («Glassdoor»). These Terms also include our Privacy and Cookie Policy. By accessing and using Glassdoor, you agree to comply with these Terms
>
> **Prohibited content**: You agree that you will not post any Content that:
>
> Is offensive or promotes racism, bigotry, hatred or physical harm of any kind against any group or individual, or is pornographic or sexually explicit in nature, harasses or advocates stalking, bullying, or harassment of another person;
>
> (...)
>
> In false or misleading or promotes, endorses or furthers illegal activities or conduct that is abusive, obscene, defamatory or libellous (...)

[15]   CONSIDERING that Glassdoor confidentiality Policy provides the following:

> **How we share Information**
>
> We will disclose data if we believe in good faith that such disclosure is necessary (1) to comply with relevant laws or to respond to subpoenas or warrants or legal process served on us; (2) to enforce our Glassdoor Terms of Use and Privacy Policy; (3) when we believe disclosure is necessary or appropriate to prevent physical harm or financial harm or financial loss or in connection with an investigation of suspected or actual illegal activity; or (4) as we otherwise deem necessary to protect and defend the rights or property of us, the users of our services, or third parties. Our general procedure with respect to civil subpoenas requesting user data is to require a court order, binding on Glassdoor, before we release such information.

[16]   CONSIDERING that, in consequence of the above mentioned Policies, the expectation of privacy of the users of the web site is largely mitigated (for Jobwings, see decision 500-17-075087-125);

[17]   CONSIDERING that the Plaintiffs are not requesting or seeking to obtain the identity of the persons who visited the concerned website;

500-17-080160-131                                                              PAGE: 4

[18]    CONSIDERING that this Court has the power to order the communication of the requested information as stated by the Superior Court of Québec in *Pellemans c. Lacroix*, 2007 QCCS 5913;

[19]    CONSIDERING that the documents obtained from a third party by virtue of art. 251 C.p.c. are subject to the rule of confidentiality, as stated by the Supreme Court of Canada in *Lac d'Amiante Québec v. 2858-0702 Québec inc.* [2001] 2 RCS 743, 2001 CSC 51;

[20]    CONSIDERING that Ms Mikulec and Jobwings seek, if the Court grants the Amended Application, that it be granted without legal costs, a demand opposed by the Plaintiffs;

[21]    CONSIDERING that the Court shall grant this demand for the followings reasons:

- in a previous proceeding concerning this case Justice Claudine Roy concluded on February 25, 2016, that the case was taking disproportionate amplitude;

- the Plaintiffs have not convinced the Court of the necessity of obtain two experts reports;

- Ms Mikulec agrees to consent to the disclosure of the documentation sought by the Plaintiffs.

[22]    **THEREFORE, THE COURT:**

[23]    **GRANTS** the Amended Application for disclosure and communication of documents relating to a dispute;

[24]    **ORDERS** Mise en cause Les Carrières Jobwing.com inc. to disclose and communicate to Digital Shape Technologies inc., Radomir Nikolajev and Kelly Mikulec the documentation in its possession holding the following information, within 15 days of the present judgment:

   (1) a copy of all reviews, ratings and comments related to the March 7, 2013 post with respect to Digital Shape Technologie inc, notwithstanding the fact they have since been removed, as well as their time and date of creation;

   (2) the IP address and email address, of the user who posted the March 7, 2013 review and rating (Exhibit P-3);

   (3) the Google Analytics statistics reports relating to the March 7, 2013 review and rating (Exhibit P-3), including the number of users having viewed the March 7, 2013 review and rating (Exhibit P-3), the time and date of viewing,

500-17-080160-131                                                              PAGE: 5

as well as the city associated with the IP addresses of these visits within 15 days of Plaintiffs providing Glassdoor inc. with a template or dashboard of the Google Analytics reports to be generated;

[25]   **ORDERS** Mise en cause Glassdoor Inc to disclose and communicate to Digital Shape Technologies inc, Radomir Nikolajev and Kelly Mikulec the documentation in its possession, within 15 days of the judgment:

(1) a copy of all reviews, ratings and comments with respect to Digital Shape Technologies inc, notwithstanding the fact they have since been removed;

(2) the submission (posting) date and time of the reviews, ratings and/or comments as well as the period during which they were published;

(3) the email address and IP address of the user who posted the March 7, 2013 review and rating (Exhibit P-2), as well as the URL corresponding to their submission;

(4) the Google Analytics statistics reports relating to the March 7, 2013 review and rating (Exhibit P-3), including the number of users having viewed the March 7, 2013 review and rating (Exhibit P-3), the time and date of viewing, the city associated with the IP addresses of these users, as well as their IP addresses;

(5) the number of individuals having indicated that the March 7, 2013 review and rating (Exhibit P-2) was "helpful", their IP addresses as well as the URL corresponding to the submission of such forms, and the submission date;

[26]   **ORDERS** that the IP address be held under seal and be only available to the attorneys of the parties and their experts subject to complete confidentiality. No attorney or expert may disclose the IP address in any proceeding or report.

[27]   **THE WHOLE**, with legal costs to be paid by Glassdoor inc.

JOHANNE MAINVILLE,

Me Tommy Tremblay
BORDEN LADNER GERVAIS
Attorneys for Plaintiffs

Me Marion Dana

500-17-080160-131                                           PAGE: 6

O'REILLY DANA
Attorneys for Defendant/Cross-Plaintiff
Kelly Mikulec

Me Alexandre Ajami
MILLER THOMSON
Attorneys for Mise-en-cause Les Carrières Jobwings inc.


Date of hearing:     June 14, 2016
Date of the deliverance of the judgment: June 16, 2016

Exhibit B

# SUPERIOR COURT

CANADA
PROVINCE OF QUÉBEC
DISTRICT OF MONTREAL

N° :    500-17-080160-131

DATE :   June 27, 2016

BY:                                    THE HONOURABLE JOHANNE MAINVILLE, J.S.C.

**DIGITAL SHAPE TECHNOLOGIES INC.**
and
**RADOMIR NIKOLAJEV**
    Plaintiffs/Cross-Defendants
v.
**KELLY MIKULEC**
    Defendant/Cross-Plaintiff
and
**LES CARRIÈERES JOBWINGS.COM INC**.
and
**GLASSDOOR INC.**
    Mise en cause

## RECTIFIED JUDGMENT

[1]    **SEING** the Plaintiff's demand to rectify the judgment rendered on June 16, 2016;

[2]    **SEING** the dispositions of 338 C.p.c.;

[3]    **SEING** that there were certain errors and omissions in the judgment dated June 16, 2016;

[4]    **SEING** that the demand is well-founded.

JM 2141

500-17-080160-131 PAGE : 2

[5] **FOR THESE REASONS THE COURT:**

[6] **GRANTS** the demand;

[7] **RECTIFIES** par. 2 of the judgment rendered on June 16, 2016 as follows:

[2] CONSIDERING that, on <u>December 6, 2013</u>, Plaintiffs instituted a defamation suit against Defendant Kelly Mikulec alleging that, on March 7, 2013, she published false and defamatory posts concerning them on Les Carrières Jobwings.Com inc. («Jobwings») and Glassdoor Inc's website («Glassdoor»);

[8] **RECTIFIES** paras. 24 (3) and 25 (5) of the judgment rendered on June 16, 2016, so that the conclusions read as follows:

[22] **THEREFORE, THE COURT:**

[23] **GRANTS** the Amended Application for disclosure and communication of documents relating to a dispute;

[24] **ORDERS** Mise en cause Les Carrières Jobwing.com inc. to disclose and communicate to Digital Shape Technologies inc., Radomir Nikolajev and Kelly Mikulec the documentation in its possession holding the following information, within 15 days of the present judgment:

(1) a copy of all reviews, ratings and comments related to the March 7, 2013 post with respect to Digital Shape Technologies inc, notwithstanding the fact they have since been removed, as well as their time and date of creation;

(2) the IP address and email address, of the user who posted the March 7, 2013 review and rating (Exhibit P-3);

(3) the Google Analytics statistics reports relating to the March 7, 2013 review and rating (Exhibit P-3), including the number of users having viewed the March 7, 2013 review and rating (Exhibit P-3), the time and date of viewing, as well as the city associated with the IP addresses of these visits within 15 days of Plaintiffs providing <u>Les Carrières Jobwing.com inc.</u> with a template or dashboard of the Google Analytics reports to be generated;

[25] **ORDERS** Mise en cause Glassdoor Inc to disclose and communicate to Digital Shape Technologies inc, Radomir Nikolajev and Kelly Mikulec the documentation in its possession, within 15 days of the judgment:

(1) a copy of all reviews, ratings and comments with respect to Digital Shape Technologies inc, notwithstanding the fact they have since been removed;

500-17-080160-131                                                                        PAGE : 3

    (2) the submission (posting) date and time of the reviews, ratings and/or comments as well as the period during which they were published;

    (3) the email address and IP address of the user who posted the March 7, 2013 review and rating (Exhibit P-2), as well as the URL corresponding to their submission;

    (4) the Google Analytics statistics reports relating to the March 7, 2013 review and rating (Exhibit P-3), including the number of users having viewed the March 7, 2013 review and rating (Exhibit P-3), the time and date of viewing, the city associated with the IP addresses of these users, as well as their IP addresses;

    (5) the number of individuals having indicated that the March 7, 2013 review and rating (Exhibit P-2) was "helpful", their IP addresses, <u>email adresses and names</u> as well as the URL corresponding to the submission of such forms, and the submission date;

[26] **ORDERS** that the IP address be held under seal and be only available to the attorneys of the parties and their experts subject to complete confidentiality. No attorney or expert may disclose the IP address in any proceeding or report.

[27] **THE WHOLE** with legal costs to be paid by Glassdoor inc.

[9]    **THE WHOLE** without legal costs.

                                                                                        JOHANNE MAINVILLE, J.S.C.

Me Tommy Tremblay
BORDEN LADNER GERVAIS
Attorneys for Plaintiffs

Me Marion Dana
O'REILLY DANA
Attorneys for Defendant/Cross-Plaintiff Kelly Mikulec

Me Alexandre Ajami
MILLER THOMSON
Attorneys for Mise en cause Les Carrières Jobwings inc.

# Exhibit C

Sean Gates <sgates@charislex.com>

## Judgment in Digital Shape Technologies v. Mikulec and Glassdoor Inc. (mise en cause)

Sean Gates <sgates@charislex.com>  Mon, Jun 27, 2016 at 4:23 PM
To: tom.obrien@glassdoor.com, tom@glassdoor.com
Cc: legalinquiries@glassdoor.com, Tommy Tremblay <TTremblay@blg.com>

Dear Mr. O'Brien:

Please see the attached letter and Rectified Judgment, which was entered today in the above referenced matter.

Best regards,

Sean Gates
Charis Lex P.C.
16 N. Marengo Ave., Suite 300
Pasadena, CA 91101
P: 626-508-1717
F: 626-508-1730
www.charislex.com

2 attachments

- Ltr to Tom O'Brien (6-27-16).pdf
  116K
- Rectified Judgment and POS.pdf
  510K

Sean Gates <sgates@charislex.com>

## Judgment in Digital Shape Technologies v. Mikulec and Glassdoor Inc. (mise en cause)

**Sean Gates** <sgates@charislex.com>　　　　　　　　　　Mon, Jun 27, 2016 at 4:35 PM
To: tom.obrien@glassdoor.com, tom@glassdoor.com
Cc: legalinquiries@glassdoor.com, Tommy Tremblay <TTremblay@blg.com>

Dear Mr. O'Brien:

for your reference, attached is the original judgment entered on June 16, 2016.

Best regards,

Sean Gates
Charis Lex P.C.
16 N. Marengo Ave., Suite 300
Pasadena, CA 91101
P: 626-508-1717
F: 626-508-1730
www.charislex.com

[Quoted text hidden]

---

📎 Jugement du 16 juin 2016 - Dossier Mikulec.pdf
　199K

Exhibit D

# SUPERIOR COURT

CANADA
PROVINCE OF QUÉBEC
DISTRICT OF MONTREAL

N° :   500-17-080160-131

DATE :   June 27, 2016

___

BY:   THE HONOURABLE JOHANNE MAINVILLE, J.S.C.

___

**DIGITAL SHAPE TECHNOLOGIES INC.**
and
**RADOMIR NIKOLAJEV**
    Plaintiffs/Cross-Defendants
v.
**KELLY MIKULEC**
    Defendant/Cross-Plaintiff
and
**LES CARRIÈERES JOBWINGS.COM INC.**
and
**GLASSDOOR INC.**
    Mise en cause

___

### RECTIFIED JUDGMENT

___

[1]   **SEING** the Plaintiff's demand to rectify the judgment rendered on June 16, 2016;

[2]   **SEING** the dispositions of 338 C.p.c.;

[3]   **SEING** that there were certain errors and omissions in the judgment dated June 16, 2016;

[4]   **SEING** that the demand is well-founded.

JM 2141

500-17-080160-131                                                                                    PAGE : 2

[5]  **FOR THESE REASONS THE COURT:**

[6]  **GRANTS** the demand;

[7]  **RECTIFIES** par. 2 of the judgment rendered on June 16, 2016 as follows:

> [2] CONSIDERING that, on <u>December 6, 2013</u>, Plaintiffs instituted a defamation suit against Defendant Kelly Mikulec alleging that, on March 7, 2013, she published false and defamatory posts concerning them on Les Carrières Jobwings.Com inc. («Jobwings») and Glassdoor Inc's website («Glassdoor»);

[8]  **RECTIFIES** paras. 24 (3) and 25 (5) of the judgment rendered on June 16, 2016, so that the conclusions read as follows:

> [22]  **THEREFORE, THE COURT:**
>
> [23] **GRANTS** the Amended Application for disclosure and communication of documents relating to a dispute;
>
> [24] **ORDERS** Mise en cause Les Carrières Jobwing.com inc. to disclose and communicate to Digital Shape Technologies inc., Radomir Nikolajev and Kelly Mikulec the documentation in its possession holding the following information, within 15 days of the present judgment:
>
>> (1) a copy of all reviews, ratings and comments related to the March 7, 2013 post with respect to Digital Shape Technologies inc, notwithstanding the fact they have since been removed, as well as their time and date of creation;
>>
>> (2) the IP address and email address, of the user who posted the March 7, 2013 review and rating (Exhibit P-3);
>>
>> (3) the Google Analytics statistics reports relating to the March 7, 2013 review and rating (Exhibit P-3), including the number of users having viewed the March 7, 2013 review and rating (Exhibit P-3), the time and date of viewing, as well as the city associated with the IP addresses of these visits within 15 days of Plaintiffs providing <u>Les Carrières Jobwing.com inc.</u> with a template or dashboard of the Google Analytics reports to be generated;
>
> [25] **ORDERS** Mise en cause Glassdoor Inc to disclose and communicate to Digital Shape Technologies inc, Radomir Nikolajev and Kelly Mikulec the documentation in its possession, within 15 days of the judgment:
>
>> (1) a copy of all reviews, ratings and comments with respect to Digital Shape Technologies inc, notwithstanding the fact they have since been removed;

(2) the submission (posting) date and time of the reviews, ratings and/or comments as well as the period during which they were published;

(3) the email address and IP address of the user who posted the March 7, 2013 review and rating (Exhibit P-2), as well as the URL corresponding to their submission;

(4) the Google Analytics statistics reports relating to the March 7, 2013 review and rating (Exhibit P-3), including the number of users having viewed the March 7, 2013 review and rating (Exhibit P-3), the time and date of viewing, the city associated with the IP addresses of these users, as well as their IP addresses;

(5) the number of individuals having indicated that the March 7, 2013 review and rating (Exhibit P-2) was "helpful", their IP addresses, email adresses and names as well as the URL corresponding to the submission of such forms, and the submission date;

[26] **ORDERS** that the IP address be held under seal and be only available to the attorneys of the parties and their experts subject to complete confidentiality. No attorney or expert may disclose the IP address in any proceeding or report.

[27] **THE WHOLE** with legal costs to be paid by Glassdoor inc.

[9]   **THE WHOLE** without legal costs.

                                                        _____
                                                        JOHANNE MAINVILLE, J.S.C.

Me Tommy Tremblay
BORDEN LADNER GERVAIS
Attorneys for Plaintiffs

Me Marion Dana
O'REILLY DANA
Attorneys for Defendant/Cross-Plaintiff Kelly Mikulec

Me Alexandre Ajami
MILLER THOMSON
Attorneys for Mise en cause Les Carrières Jobwings inc.

## PROOF OF SERVICE

I am over the age of 18 and not a party to this action. I am a resident of the County of Los Angeles. My business address is 16 N. Marengo Ave., Suite 300, Pasadena, CA 91101.

On June 27, 2016, I served the document described as Rectified Judgment in *Digital Shape Technologies Inc v. Mikulec*, No. 500-17-080160-131 (Super. Ct., Dist. of Montreal, Quebec, Canada) on the following persons:

> Glassdoor Inc.
> c/o C T Corporation System
> 818 West Seventh St, Suite 930
> Los Angeles, CA 90017
>
> Tom O'Brien
> Deputy General Counsel
> Glassdoor Inc.
> 100 Shoreline Highway, Building A
> Mill Valley, CA 94941

[ X ] (By U.S. Mail) I deposited such envelope in the mail at Pasadena, California with postage thereon fully prepaid. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in this affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: June 27, 2016

_____
Sean Gates