| **Fers et métaux américains, s.e.c. c. Picard** | **2013 QCCA 2255** |

# COUR D'APPEL

CANADA
PROVINCE DE QUÉBEC
GREFFE DE QUÉBEC

N° :   200-09-007991-133
       (200-17-017916-131)

## PROCÈS-VERBAL D'AUDIENCE

DATE :   12 juin 2013

CORAM : LES HONORABLES   NICOLE DUVAL HESLER, J.C.Q. (JD1739)
                         GUY GAGNON, J.C.A. (JG1348)
                         JEAN BOUCHARD, J.C.A. (JB3398)

| PARTIES APPELANTES | AVOCATS |
|---|---|
| **FERS ET MÉTAUX AMÉRICAINS S.E.C. et LA COMPAGNIE AMÉRICAINE DE FERS ET MÉTAUX INC.** | Me RONALD AUDETTE<br>Me CHARLES DAVIAULT<br>(Gowling, Lafleur) |
| PARTIES INTIMÉES | AVOCATS |
| **DANIEL PICARD, ANDRÉE-ANNE PICARD, STEVE PICARD, HÉLÈNE TREMBLAY, JEAN-MARC GINGRAS, THOMAS NITTOLO, ANGELO NITTOLO, DOMAINE FONTARABIE INC., OLOTTIN INC., GESTION GYROX INC., MARTIN SIRARD et ANGELO NITTOLO, ès qualité de liquidateur de la succession de Marina Gallese** | |
| PARTIES MISES EN CAUSE | AVOCATE |
| **CAISSE POPULAIRE DESJARDINS DES RIVIÈRES CHAUDIÈRE ET ETCHEMIN et FÉDÉRATION DES CAISSES DESJARDINS DU QUÉBEC (MOUVEMENT DES CAISSES DESJARDINS)** | Me ÉLISE POISSON<br>(Lavery, De Billy) |
| **TD CANADA TRUST, BANQUE TORONTO DOMINION, BANQUE SCOTIA, BANQUE DE MONTRÉAL, BMO GROUPE FINANCIER, BANQUE ROYALE DU CANADA et BANQUE NATIONALE DU CANADA** | |

Case 3:16-mc-80150-JSC   Document 8-13   Filed 09/08/16   Page 2 of 10

En appel d'un jugement rendu le 20 mars 2013 par l'honorable Johanne April de la Cour supérieure, district de Québec.

NATURE DE L'APPEL : **Émission d'une ordonnance de type Norwich**

| Greffière : Julie Boudreault-Gravel (TB3311) | Salle : 4.33 – *EX PARTE* & HUIS CLOS |
|---|---|

2013 QCCA 2255 (CanLII)

## AUDITION

| | |
|---|---|
| 10 h 35 | Observations de Me Audette; |
| | Discussions; |
| 10 h 36 | Me Audette poursuit; |
| | Observations de la Cour; |
| | Me Audette précise qu'il se désiste de la requête *Norwich* contre le Mouvement des Caisses Desjardins; |
| | Discussions; |
| | Me Audette soumet à la Cour le libellé des conclusions qu'il propose spécifiquement pour la Caisse Populaire Desjardins des Rivières Chaudières et Etchemin; |
| 10 h 41 | Observations de Me Poisson quant à la question des dépens; |
| | Me Audette ajoute qu'il ne demande plus l'ordonnance de type *Norwich* contre Angelo Nittolo, en sa qualité de liquidateur de la succession de Marina Gallese; |
| 10 h 44 | Me Audette poursuit; |
| | Observations de la Cour; |
| 11 h 06 | Suspension; |
| 11 h 26 | Reprise; |
| | Me Audette poursuit; |
| | Observations de la Cour; |
| 12 h 27 | Observations de Me Poisson quant à la modification du libellé des conclusions; |
| | Me Poisson dépose des copies additionnelles du libellé des conclusions demandées en appel; |
| | Observations de la Cour; |
| 12 h 34 | Discussions; |
| 12 h 35 | Suspensions; |
| 14 h 53 | Reprise; |
| | Me Audette dépose la version finale du libellé des conclusions; |
| | Observations de Me Audette; |

2013 QCCA 2255 (CanLII)

| | |
|---|---|
| 14 h 54 | Discussions; |
| 14 h 55 | Observations de Me Poisson; |
| | Observations de la Cour; |
| 14 h 57 | Discussions; |
| 14 h 59 | Suspension; |
| 15 h 06 | Reprise; |
| 15 h 07 | Arrêt. |

2013 QCCA 2255 (CanLII)

(s) _____

            Greffière audiencière

**PAR LA COUR**

ARRÊT

[1]   Le présent arrêt ne vise pas l'intimé, Angelo Nittolo, en sa qualité de liquidateur de la succession de Marina Gallese.

[2]   Les appelantes soutiennent que la juge de première instance, qui a refusé d'émettre une ordonnance dite « *Norwich* », a commis des erreurs de droit. En premier lieu, elle aurait interprété de façon trop restrictive les circonstances où ce type d'ordonnance peut être prononcé. En deuxième lieu, elle n'aurait pas suffisamment considéré le contexte de fraude et l'importance de l'élément de surprise afin d'être en mesure de retracer les actifs subtilisés aux appelantes. En troisième lieu, en ce qui concerne le critère de la vie privée des défendeurs et des tiers avec qui ils auraient transigé, elle aurait, là encore, omis de tenir suffisamment compte du contexte de fraude ou omis de considérer la possibilité de restreindre les conclusions demandées afin de protéger les intérêts des tiers.

[3]   Tout d'abord, il faut souligner que l'audition s'est déroulée *ex parte* et à huis clos, tout comme l'audition de cet appel, vu la nature du recours. En pareil contexte, les représentations sont rarement aussi complètes qu'elles pourraient l'être.

[4]   Deuxièmement, il faut également souligner que les appelantes ont, après discussion et entente avec la procureure de la Caisse populaire Desjardins des Rivières Chaudières et Etchemin, modifié leurs conclusions pour les restreindre de façon considérable au stade de l'appel.

[5]   Troisièmement, la juge n'avait pas devant elle le jugement de l'honorable Claude Bouchard, j.c.s., qui a maintenu les saisies avant jugement, mais qui a par contre refusé de renouveler l'injonction de type *Mareva*, estimant les appelantes suffisamment protégées par les saisies. Elle n'avait surtout pas devant elle la *Re-amended Introductory Motion and Requisition of Writs of Seizure before Judgment, a Mareva Order, an Anton Piller Order and Orders for provisional and interlocutory Injunctions Ex Parte and In Camera* qui fait état de nouvelles réclamations contre les défendeurs, et qui tend à démontrer que la fraude a une ampleur beaucoup plus considérable que ce qui a pu être représenté à la juge de première instance.

[6]   La Cour constate qu'en effet, l'ordonnance *Norwich* peut être consentie dans des circonstances plus étendues que celles envisagées par la juge de première instance. La Cour d'appel d'Ontario s'est prononcée en ce sens dans *GEA Group AG* v. *Flex-N-Gate Corporation*, 2009 ONCA 619, où elle rejoignait sur ce point la position de la Cour d'appel d'Alberta :

2013 QCCA 2255 (CanLII)

[50]   A similar approach to *Norwich* orders has been adopted in Alberta. In Alberta (Treasury Branches) v. Leahy (2000), 270 A.R. 1 (Q.B.), aff'd (2002), 303 A.R. 63 (C.A.), leave to appeal refused [2002] S.C.C.A. No. 235, after an extensive review of the relevant authorities in England and Canada, Mason J. described the variety of situations in which *Norwich* relief has been granted by the courts (at para. 106) :

(i)   where the information sought is necessary to identify wrongdoers;

(ii)   to find and preserve evidence that may substantiate or support an action against either known or unknown wrongdoers, or even determine whether an action exists; and

(iii)   to trace and preserve assets.

[51]   Justice Mason then offered the following formulation of the test for a *Norwich* order (at. Para. 106) :

The court will consider the following factors on an application for Norwich relief :

(i)   Whether the applicant has provided evidence sufficient to raise a valid, *bona fide* or reasonable claim;

(ii)   Whether the applicant has established a relationship with the third party from whom the information is sought such that it establishes that the third party is somehow involved in the acts complained of;

(iii)   Whether the third party is the only practicable source of the information available;

(iv)   Wheter the third party can be indemnified for costs to which the third party may be exposed because of the disclosure, some [authorities] refer to the associated expenses of complying with the orders, while others speak of damages; and

(v)   Whether the interests of justice favour the obtaining of the disclosure.

[7]   Enfin, il a été convenu à l'audience qu'il serait opportun de prévoir que les appelantes doivent retenir les services d'un juricomptable aux fins de faire rapport à la Cour supérieure, sous scellés, dans les cent vingt jours du présent arrêt.

2013 QCCA 2255 (CanLII)

**POUR CES MOTIFS, LA COUR :**

[8]   **ACCUEILLE** l'appel, en partie;

[9]   **PREND ACTE** du désistement en faveur du Mouvement des Caisses Desjardins, sans frais;

[10]   **INFIRME** le jugement de première instance;

[11]   **ACCUEILLE** la requête pour l'émission d'une ordonnance de type *Norwich*;

[12]   **PRONONCE** les ordonnances suivantes :

    A.   **ORDONNE** la mise sous scellés et la confidentialité tant du dossier de première instance que du dossier en appel pour une période de cent vingt (120) jours à compter du présent arrêt à moins que le scellé et la confidentialité du dossier de première instance ainsi que du dossier en appel soient renouvelés;

    B.   **AUTORISE** et **ENJOINT** aux institutions financières mises en cause ainsi que leurs filiales et affiliées et pour ce qui est de la Caisse Desjardins des Rivières Chaudières et Etchemin, ses points de service, de :

      a)   Communiquer aux appelantes et/ou à leurs procureurs une liste de tous les actifs qu'elles détiennent au nom des intimés et de communiquer tous les relevés bancaires de tous les comptes de banque, placements, certificats de dépôt, cartes de crédit, qu'elles détiennent au nom des intimés et ce, depuis le 1$^{er}$ janvier 2011 et confirmer l'existence ou non de tout coffret de sûreté loué par les intimés et fournir l'adresse des succursales bancaires et, pour ce qui est de la Caisse Desjardins des Rivières Chaudières et Etchemin, ses points de service, où sont situés lesdits actifs des intimés, dans un délai de dix (10) jours ouvrables de la signification de la présente ordonnance;

      b)   Communiquer aux appelantes et/ou à leurs procureurs, sur demande écrite desdits procureurs, les informations et documents suivants, dans les meilleurs délais suivants la réception de la demande écrite des procureurs des appelantes :

2013 QCCA 2255 (CanLII)

      i. le détail de toutes les transactions bancaires supérieures à mille (1000) dollars identifiées dans la demande écrite des procureurs des appelantes et apparaissant aux relevés bancaires transmis en vertu de la conclusion A des présentes, effectuées par les intimés dans l'un quelconque des comptes bancaires détenus auprès des institutions financières mises en cause depuis le 1$^{er}$ janvier 2011;

      ii. l'identité et les coordonnées du détenteur de tout compte dans lequel un virement bancaire aurait pu être effectué à partir de l'un quelconque des comptes des intimés ainsi que le numéro dudit compte depuis le 1$^{er}$ janvier 2011;

c) Dans l'éventualité où les renseignements et documents transmis en vertu des paragraphes (A) et (B) b) i) ii)) des présentes conclusions s'avéraient insuffisants pour permettre aux appelantes de retracer ou d'identifier adéquatement les dépôts, virements, transferts ou autres mouvements de sommes effectuées par les intimés dans tout autre compte, coffret de sûretés, lieu ou endroit à partir des comptes bancaires des institutions financières mises en causes visées par les paragraphes (A) et (B) b) i), RÉSERVE aux appelantes ses recours à l'égard de l'obtention d'une ordonnance visant la communication de :

    (i) le détail et copie de tous les virements bancaires, effets de commerce, débits, reçus de dépôt et crédits relatifs aux comptes des intimés détenus auprès des institutions financières mises en cause;

d) **AUTORISE** toute banque ou institution financière n'étant pas mise en cause à la présente procédure à fournir aux appelantes et/ou à leurs procureurs l'identité et les coordonnées de tout détenteur de tout compte bancaire ayant reçu un virement bancaire ou transfert de fonds en provenance de l'un quelconque des comptes des intimés et à fournir le montant et les détails de ou des transferts de fonds, mais uniquement pour les transferts de fonds supérieurs à mille (1000) dollars, et ce, depuis le 1$^{er}$ janvier 2011;

2013 QCCA 2255 (CanLII)

e)   **AUTORISE** toute banque ou institution financière qui n'est pas mise en cause à la présente procédure à fournir aux appelantes et/ou à leurs procureurs l'identité et les coordonnées de tout détenteur de tout compte bancaire ayant reçu un virement bancaire ou tout transfert de fonds en provenance d'un compte visé par le sous-paragraphe (d) des présentes conclusions et à fournir aux appelantes et à leurs procureurs le montant et les détails du ou des transferts de fonds supérieurs à mille (1000) dollars, et ce, depuis le 1$^{er}$ janvier 2011;

f)   **ORDONNE** aux institutions financières mises en cause de ne pas dévoiler aux intimés et aux personnes visées aux sous-paragraphes (d) et (e) des présentes conclusions l'existence de ces ordonnances à être rendue sur la présente requête ni le fait qu'elles ont été requises de fournir des informations financières sur leurs comptes aux appelantes ou à leurs procureurs;

C.   **AUTORISE** les appelantes à utiliser l'information et les documents obtenus en vertu des présentes ordonnances pour les fins limitées de retracer des fonds, d'identifier toute partie ayant reçu des fonds des intimés et d'utiliser ces informations dans toute procédure judiciaire pour le recouvrement de ces fonds et des dommages allégués par les appelantes;

D.   **ORDONNE** que toute partie affectée par les présentes ordonnances puisse demander des directives à la Cour supérieure ou demander que les présentes ordonnances soient modifiées sur avis aux procureurs des appelantes;

E.   **ORDONNE** que les présentes ordonnances soient valides pour une période de cent vingt (120) jours à moins de prorogation par un tribunal;

2013 QCCA 2255 (CanLII)

F.   **PREND ACTE** de l'engagement des procureurs des appelantes de donner un préavis écrit de vingt-quatre (24) heures à la Direction du contentieux de la Fédération des Caisses Desjardins du Québec dans le cas de la mise en oeuvre par les appelantes de l'un des moyens prévus aux paragraphes (C), (D) ou (E) des présentes conclusions, à l'endroit de toute institution financière membre de la Fédération des Caisses Desjardins du Québec;

G.   **AUTORISE** les appelantes à signifier les présentes ordonnances par voie de télécopieur ou courriel aux institutions financières mises en cause;

H.   **AUTORISE** les appelantes à demander l'aide et l'assistance de toute banque étrangère, de toute Cour étrangère et de tout tribunal étranger afin de donner pleinement effet et force aux ordonnances à être émises en vertu de la présente requête;

I.   **PREND ACTE** de l'engagement des appelantes de compenser les institutions financières mises en cause pour les frais raisonnables qu'elles encourront pour se conformer à la présente ordonnance;

J.   **ORDONNE** aux appelantes de faire rapport au dossier de la Cour supérieure des informations obtenues des institutions financières suite à la signification des présentes ordonnances, soit personnellement ou par rapport préparé par une firme de juricomptables, et ce, dans les cent vingt (120) jours du présent arrêt, à moins que ce délai ne soit prorogé par un tribunal;

K.   **ORDONNE** aux appelantes de signifier ledit rapport aux intimés, et ce, à l'expiration dudit délai de cent vingt (120) jours, à moins que ce délai ne soit prorogé par un tribunal;

[13]   **LE TOUT**, avec dépens en faveur de la Caisse Populaire Desjardins des Rivières Chaudières et Etchemin, mais sans frais quant aux autres parties tant en première instance qu'en appel.

NICOLE DUVAL HESLER, J.C.Q.

GUY GAGNON, J.C.A.

JEAN BOUCHARD, J.C.A.

2013 QCCA 2255 (CanLII)