

# Morris v. Johnson, 2011 ONSC 3996 (CanLII)

| | |
|---|---|
| Date: | 2011-07-20 |
| Docket: | CV-10-412021 |
| Other citation: | 107 OR (3d) 311 |
| Citation: | Morris v. Johnson, 2011 ONSC 3996 (CanLII), <http://canlii.ca/t/fmdn9>, retrieved on 2016-09-08 |

**Morris v. Johnson et al.**
**[Indexed as: Morris v. Johnson]**

107 O.R. (3d) 311
2011 ONSC 3996

**Ontario Superior Court of Justice,**
**C.J. Brown J.**
**July 20, 2011**

Torts -- Defamation -- Procedure -- Plaintiff suing website and its moderators for damages for defamation -- Plaintiff bringing motion for order requiring defendants and their lawyer to reveal identities of anonymous persons who posted allegedly defamatory comments on website during mayoral race -- Motion dismissed -- Statement of claim not setting out specific words that were alleged to be defamatory -- Plaintiff failing to establish prima facie case against unknown alleged wrongdoers.

The plaintiff was an unsuccessful candidate in a mayoral race. She claimed that defamatory comments about her were posted on a political blog during the campaign and brought an action against the host of the website and its moderators for damages for defamation. She brought a motion for an order requiring the defendants and their lawyer to provide her with information in their possession identifying the anonymous posters who made the allegedly defamatory comments.

Held, the motion should be dismissed.

The statement of claim did not set out the specific words that were alleged to be defamatory. The plaintiff failed to make out a prima facie case against the unknown alleged wrongdoers. Further, she did not address the issue of the failure to provide notice of the specific defamatory words within the limitation period set out in s. 5 of the Libel and Slander Act, R.S.O. 1990, c. L.12. While that conclusion was dispositive of the motion, the unknown, anonymous [page312] defendants had a reasonable expectation of anonymity in the circumstances, given that they were free to identify themselves, to write under a pseudonym or remain anonymous when posting comments on the website. Where the plaintiff had not established a prima facie case, the public interest favouring disclosure clearly did not outweigh the

legitimate interests in freedom of expression and the right to privacy of the persons sought to be identified.

MOTION for an order for production of information identifying anonymous defendants.

Cases referred toWarman v. Wilkins-Fournier (2010), 100 O.R. (3d) 648, [2010] O.J. No. 1846, 2010 ONSC 2126 (CanLII), 261 O.A.C. 245, 319 D.L.R. (4th) 268, 95 C.P.C. (6th) 385 (Div. Ct.), apld Other cases referred to 114931 Ontario Ltd. v. Canada (Attorney General), [2008] O.J. No. 4658, 2008 CarswellOnt 6932, 172 A.C.W.S. (3d) 300 (S.C.J.); BMG Canada Inc. v. John Doe, [2005] F.C.J. No. 858, 2005 FCA 193 (CanLII), [2005] 4 F.C.R. 81, 252 D.L.R. (4th) 342, 334 N.R. 268, 39 C.P.R. (4th) 97, 139 A.C.W.S. (3d) 549; Grant v. Torstar Corp., [2009] 3 S.C.R. 640, [2009] S.C.J. No. 61, 2009 SCC 61 (CanLII), 204 C.R.R. (2d) 1, 258 O.A.C. 285, EYB 2009-167615, J.E. 2010-8, 314 D.L.R. (4th) 1, 397 N.R. 1, 79 C.P.R. (4th) 407, 72 C.C.L.T. (3d) 1; Irwin Toy Ltd. v. Doe, [2000] O.J. No. 3318, [2000] O.T.C. 561, 12 C.P.C. (5th) 103, 99 A.C.W.S. (3d) 399 (S.C.J.); Leahy v. Canada, [2008] F.C.J. No. 784, 2008 FC 620 (CanLII), 168 A.C.W.S. (3d) 660; Norwich Pharmacal Co. v. Customs and Excise Commissioners, [1974] A.C. 133, [1973] 2 All E.R. 943, [1973] 3 W.L.R. 164, [1973] F.S.R. 365, [1974] R.P.C. 101 (H.L.); P. (D.) v. Wagg (2004), 2004 CanLII 39048 (ON CA), 71 O.R. (3d) 229, [2004] O.J. No. 2053, 239 D.L.R. (4th) 501, 187 O.A.C. 26, 184 C.C.C. (3d) 321, 46 C.P.C. (5th) 13, 120 C.R.R. (2d) 52, 130 A.C.W.S. (3d) 1098 (C.A.), varg (2002), 2002 CanLII 23611 (ON SCDC), 61 O.R. (3d) 746, [2002] O.J. No. 3808, 222 D.L.R. (4th) 97, 165 O.A.C. 209, 26 C.P.C. (5th) 377, 97 C.R.R. (2d) 324, 117 A.C.W.S. (3d) 45 (Div. Ct.) Statutes referred to Canadian Charter of Rights and Freedoms Libel and Slander Act, R.S.O. 1990, c. L.12, s. 5 Rules and Regulations referred to Rules of Civil Procedure, R.R.O. 1990, Reg. 194

K. Clark, for plaintiff/moving party Phyllis Morris.

C. Sinclair and J. Goldblatt, for defendants/responding party
Richard Johnson, William "Bill" Hogg and Elizabeth Bishenden.

A. Smith, for intervenor Canadian Civil Liberties
Association.

[1] Endorsement of C.J. BROWN J.: -- This case involves anonymous postings on a web-blog used for political comment. Phyllis Morris, the former mayor of Aurora, claims that, in the last mayoral race in 2010, she was defamed by the defendants, including the anonymous defendants. She seeks the identities of these anonymous defendants in order to sue them for defamation. Phyllis Morris ("Morris") brings this motion for an order requiring Richard Johnson, William Hogg, Elizabeth Bishenden [page313] (together the "individual defendants"), their lawyer, Jordan Goldblatt ("Goldblatt"), and Automattic Inc., host of the website auroracitizen.ca, to provide the plaintiff with all identity information in their possession sufficient to identify the anonymous defendants, "John Doe", "James Doe" and "Jane Doe", in order to proceed with this action against them.

[2] The issue before me is whether the production of identity information of the anonymous defendants can be compelled in order to permit Ms. Morris to proceed with her defamation claim, taking into account also the issues of the privacy rights of the parties and freedom of expression and political speech.

[3] The Canadian Civil Liberties Association ("CCLA") was granted leave to intervene as a friend of the court, given the important civil liberties and Canadian Charter of Rights and Freedoms issues engaged by this motion. The Background Facts

[4] Phyllis Morris was involved in a political campaign for re-election as mayor of the Town of Aurora at the time of the postings of the alleged defamatory remarks on the website, auroracitizen.ca, which

occurred between August 20 and October 2, 2010. She was defeated in a general election on October 25, 2010, and her term ended December 1, 2010.

[5] The website, auroracitizen.ca is used as a forum for political speech by way of web postings. Those who post on auroracitizen.ca are free to determine their level of privacy. They can chose to identify themselves as author of their blog posting, sign under a pseudonym or remain anonymous.

[6] Morris, "in her capacity as Mayor of the Corporation of the Town of Aurora" issued a Notice of Action against the named and anonymous defendants on October 8, 2010. The title of proceeding was subsequently amended to remove Morris's title as mayor.

[7] The named defendant, William Hogg, is alleged to have been moderator of the auroracitizen.ca blog with "power to publish, republish, encourage or delete the postings". Ms. Bishenden is alleged to have been a former moderator and Richard Johnson, a frequent writer on the website, and a moderator or a person who authorized, participated in or encouraged the publication and republication of the defamatory postings. None of the individual named defendants is alleged to be the author of any defamatory postings. The three anonymous defendants, John Doe, James Doe and Jane Doe, wrote allegedly defamatory comments under pseudonyms. The non-party, Goldblatt, is the [page314] lawyer of the named individual defendants. He does not represent the three anonymous defendants.

[8] The allegations of defamatory statements in the Statement of Claim, which related to Morris "in the way of her office, profession, trade and/or calling as Mayor of the Town of Aurora", were referenced as six separate articles or postings. The specific alleged defamatory words, phrases and/or sentences were not pleaded in the Statement of Claim. Instead, the plaintiff made reference to the entire posting or article in the claim and interpreted what the defamatory postings, as a whole, "in their natural meaning, and by innuendo meant or were understood to mean".

[9] Following commencement of the action by Notice of Action, no further postings regarding Morris have occurred. The Issues

[10] The issue to be decided is whether the production of identity information of anonymous defendants can be compelled in order to permit the plaintiff to proceed with her defamation action. In the circumstances of this case, the court must balance the competing interests of privacy, the public interest in promoting the administration of justice by providing the plaintiff with the information sought to pursue her claim and the underlying values of freedom of expression and political speech. The Law

[11] In balancing the respective interests of privacy and the promotion of the administration of justice by compelling the information sought, I must consider the underlying value of freedom of expression in the context of political speech. It is there that I begin.

[12] While the Charter does not apply to strictly private litigation between litigants who have not invoked state action, the jurisprudence is clear that because the Rules of Civil Procedure, R.R.O. 1990, Reg. 194 have the force of a statute, they must be interpreted in a manner consistent with Charter rights and values: P. (D.) v. Wagg (2002), 2002 CanLII 23611 (ON SCDC), 61 O.R. (3d) 746, [2002] O.J. No. 3808 (Div. Ct.), vard (2004), 2004 CanLII 39048 (ON CA), 71 O.R. (3d) 229, [2004] O.J. No. 2053 (C.A.).

[13] Freedom of expression has long been recognized in our jurisprudence as among the most fundamental of rights possessed by Canadians, with three core purposes, or rationales, including democratic discourse, truth finding and self fulfillment. [page315]

[14] As Chief Justice McLachlin stated in Grant v. Torstar Corp., 2009 SCC 61 (CanLII), [2009] 3 S.C.R. 640, [2009] S.C.J. No. 61 [at paras. 48 and 52]:

> [F]ree expression is essential to the proper functioning of democratic governance. As Rand J. put it, "government by the free public opinion of an open society . . . demands the condition of a virtually unobstructed access to and diffusion of ideas . . . @7 . . . . .
>
> As held in WIC Radio, freewheeling debate on matters of public interest is to be encouraged, and must not be thwarted by "overly solicitous regard for personal reputation". Productive debate is dependent on the free flow of information.

[15] Canadian law recognizes that the right to free expression does not confer a licence to ruin reputations, both with respect to private citizens and people in public office. Those who enter public life cannot reasonably expect to be immune from criticism, some of it harsh and undeserved. Nor does participation in public life amount to open season on reputation.

[16] The courts have recognized the relationship between the protection of reputation and the concern for personal privacy.

[17] The parties have cited several cases which they rely on as being of guidance in the present case, including Norwich Pharmacal Co. v. Customs and Excise Commissioners, [1974] A.C. 133, [1973] 2 All E.R. 943 (H.L.) ("Norwich Pharmacal"); Irwin Toy Ltd. v. Doe, [2000] O.J. No. 3318, [2000] O.T.C. 561 (S.C.J.) ("Irwin Toy"); BMG Canada Inc. v. John Doe, [2005] F.C.J. No. 858, 2005 FCA 193 (CanLII) ("BMG") and Warman v. Wilkins- Fournier (2010), 100 O.R. (3d) 648, [2010] O.J. No. 1846, 2010 ONSC 2126 (Div. Ct.) (CanLII) ("Warman").

[18] The case of Warman involved similar issues and pertained to alleged defamation of a political nature on the Internet and a request to compel the identity of anonymous Internet users. In that case, Justice Wilton-Siegel carefully reviewed the competing interests of freedom of expression, and of privacy and reputation, in the context of political speech and the public interest in promoting the administration of justice by compelling the information sought in order to permit the plaintiff to pursue a defamation action against anonymous parties. I find his analysis of the competing interests to be of particular guidance to me in this case.

[19] As Wilton-Siegel J. recognized, at para. 32:

> [T]he fact that the motion engages the important Charter value of freedom of expression, as well as the right to privacy, heightens the need to have regard to considerations beyond the traditional concerns of relevance and privilege. [page316] He further stated, at para. 42, that
>
> because this proceeding engages a freedom of expression interest, as well as a privacy interest, a more robust standard is required to address the chilling effect on freedom of expression that will result from disclosure. It is also consistent with the recent pronouncements of the Supreme Court that establish the relative weight that must be accorded the interest in freedom of expression. In the circumstances of a website promoting political discussion, the possibility of a defence of fair comment reinforces the need to establish the elements of defamation on a prima facie basis in order to have due consideration to the interest in freedom of expression. On the other hand, there is no compelling public interest in allowing someone to libel and destroy the reputation of another, while hiding behind a cloak of anonymity. The requirement to demonstrate a prima facie case of defamation furthers the objective of establishing an appropriate balance between the public interest in favour of disclosure and the legitimate interests of privacy and freedom of expression.

[20] In Warman, the factors to be considered were set forth as follows: (i) whether the unknown alleged wrongdoer could have a reasonable expectation of anonymity in the particular circumstances; (ii) whether the respondent has established a prima facie case against the unknown alleged wrongdoer and is acting in

good faith; (iii) whether the respondent has taken reasonable steps to identify the anonymous party and has been unable to do so; and (iv) whether the public interests favouring disclosure outweigh the legitimate interests of freedom of expression and right to privacy of the persons sought to be identified if the disclosure is ordered.

> [21] With respect to disclosure of the information sought by third parties, Warman recognized the factors set forth in BMG as also being appropriate, including (1) the third party against whom discovery is sought must be in some way connected to or involved in the misconduct; (2) the third party must be the only practical source of the information available to the applicant; and (3) the third party must be reasonably compensated for expenses and legal costs arising out of compliance with the discovery order.

[22] I am cognizant, in the present case, that the alleged defamatory statements were made in the context of a hard-fought political campaign. They clearly related to the mayoral position and the governance of the mayor, councillors and the municipal government generally. In ensuring that proper weight is given to the important value of freedom of expression, particularly in the political context, the importance of the stringent [page317] prima facie test is necessary to protect and balance the public interest in favour of disclosure with the competing interests of privacy and freedom of expression.

[23] The test as set forth in Warman is intended to be flexible, to be applied on a case-by-case basis having regard to the circumstances of the case, as indicated by Wilton-Siegel J. Indeed, it is clear from his decision that he recognized the principles as set forth in Norwich Pharmacal, Irwin Toy and BMG all to be good law and also, at para. 38, that the court's inherent jurisdiction to control its procedures, and its equitable jurisdiction, are applied flexibly to meet the particular circumstances of each case.

[24] In this case, the test as set forth in Warman is appropriate, with respect to the named defendants as has been acknowledged by all of the parties, with the overlay of the tripartite test set forth above, at para. 21, with respect to the non-party, Goldblatt. The Submissions of the Parties

The plaintiff

[25] It is the position of the plaintiff that the ultimate issue is whether the identity of the persons alleged to have defamed the plaintiff can be revealed despite the fact that such disclosure would violate their privacy rights. The plaintiff argues that the information is required in order to proceed with this action and that there are no other sources for said information.

[26] The plaintiff submits that the blogs and comments are, in their plain and ordinary meaning, defamatory, and are sufficient to establish a prima facie case. She further submits that the statements have harmed and will continue to harm her reputation and are causing her both emotional harm and fear for her safety. I note that the plaintiff did not provide evidence in support of this submission, nor did she provide any affidavit evidence in support of this motion. The only affidavit filed in support of the plaintiff's motion was that of Christoper Cooper, the director of legal services and town solicitor of Aurora. The plaintiff acknowledged that there were no further blog comments posted after this action was commenced.

The defendants

[27] The defendants submit that the plaintiff has not met the tests set forth in Warman as (i) the anonymous commentators were free to determine their level of anonymity and had an expectation of privacy; (ii) the plaintiffs have not specifically set [page318] forth the defamatory words in the Statement of Claim, and therefore the underlying merits of the case cannot be assessed and no determination of a prima facie case can be made; (iii) moreover, there is no cogent evidence to connect the individual defendants with the website or the ability to obtain the IP information sought; (iv) the plaintiff's conduct

indicates that she has not acted in good faith: she served a Notice of Action, without the Statement of Claim, did not particularize the alleged defamatory words and has named individual defendants' counsel without compelling reason; and (v) the plaintiff has taken no reasonable steps to identify the anonymous individuals, including requesting production of the information in the context of the discovery process.

[28] Further, the defendants argue that the motion to compel information against the individual defendants' lawyer, Goldblatt, cannot succeed, as the subject message or communication was in the context of a settlement discussion, was communicated "without prejudice" with the expectation of privacy, was communicated within the context of this litigation and is subject to settlement privilege.

[29] The defendant also submits that the plaintiff has not complied with the provisions of the Libel and Slander Act, R.S.O. 1990, c. L.12 as she did not give notice of the words complained of within the stipulated time period.

The intervenor CCLA

[30] The CCLA emphasized the issues raised by this motion, including the relationship between privacy and anonymity on the Internet, the right to freedom of expression guaranteed by the Charter and the disclosure obligations of defendants and non- parties in actions for defamation against anonymous Internet users engaged in political free speech.

[31] The court must reconcile the interests of a party seeking to sue for defamation and the public interest served by protecting freedom of speech. Regard must also be had to the nature of the expression at issue. The intervenor submits that significant weight must be given to the political nature of the speech in question and the plaintiff's position as an elected official. In the circumstances of a website promoting political discussion, the possibility of a defence of fair comment reinforces the requirement to establish the elements of defamation on a prima facie basis.

[32] Further, the CCLA submits that where freedom of expression and privacy interests are raised, a more robust standard is [page319] required to address the chilling effect on freedom of expression that will result from disclosure.

[33] Finally, the intervenor submits that perceived threats to the safety of the plaintiff should not be considered under the tests set forth in Warman, as they are matters for law enforcement officials.

Analysis

[34] In this case, applying the factors set forth in the Warman test to the plaintiff's motion and action, I find as follows.

[35] The plaintiff has failed to establish a prima facie case. The plaintiff in this defamation action has failed to set forth the specific words complained of as being defamatory. The jurisprudence clearly establishes that in actions of libel and slander, the precise words complained of are material and should be set forth with as much particularity as possible in the pleading itself, ideally verbatim or, at a minimum, with sufficient particularity to allow the defendant to respond (114931 Ontario Ltd. v. Canada (Attorney General), [2008] O.J. No. 4658, 2008 CarswellOnt 6932 (S.C.J.); Leahy v. Canada, [2008] F.C.J. No. 784, 2008 FC 620 (CanLII)). This is not a case where the plaintiff is unable to obtain the verbatim defamatory statements and to extract them from the articles and blog comments noted.

[36] In order to establish whether a prima facie case exists, the court must engage in a detailed and contextual analysis of each statement alleged to be defamatory. In my view, this is not possible where the plaintiff has not clearly identified the words relied upon. While the plaintiff argues that the words of

defamation are clearly set forth in the articles, it is not the role of the court to parse the impugned articles and blogs before it to attempt to determine, by divination or divine inspiration, which statements it should assess in determining whether a prima facie case has been established.

[37] I find, further, that the plaintiff has failed to address the issue of the failure to provide notice of the specific defamatory words within the limitation period set forth at s. 5 of the Libel and Slander Act.

[38] While my finding with respect to the plaintiff's failure to establish a prima facie case in this matter is dispositive of the motion, I make the following additional findings with respect to the balance of the test.

[39] I find that the unknown, anonymous defendants had a reasonable expectation of anonymity in the particular circumstances, given that they were free to identify themselves, to write under a pseudonym or remain anonymous with respect to [page320] the website and, in this case, the anonymous defendants chose to write under a pseudonym.

[40] I am not convinced that the plaintiff has taken reasonable steps to identify the anonymous defendants, as she has not proceeded to either documentary discovery or examination for discovery pursuant to the discovery process under the Rules, in the context of which she may obtain those identities sought.

[41] In the circumstances of this case, where the plaintiff has not established a prima facie case, the public interest favouring disclosure clearly does not outweigh the legitimate interests in freedom of expression and the right to privacy of the persons sought to be identified.

[42] With respect to the tests as related to the third party, Goldblatt, even if the plaintiffs had established a prima facie case, there is no evidence which would justify the compelling of the information sought from Goldblatt as third party. There is no evidence to establish that Goldblatt was involved in the alleged defamation or that he is the only practical source of the information. Moreover, the communication linking Goldblatt to any information regarding the anonymous defendant was communicated within the context of settlement negotiations on a "without prejudice" basis while Goldblatt was counsel for the named individual defendants in this action. It was clearly communicated with an expectation of confidentiality and is privileged.

[43] The plaintiff has failed to establish a prima facie test and, accordingly, I dismiss this motion. Costs

[44] I would urge counsel to arrive at an agreement among themselves with respect to the issue of costs. In the event that they are unable to do so, I would invite the parties to provide any costs submissions in writing, to be limited to three pages, including the costs outline. The submissions may be forwarded to my attention, through judges' administration at 361 University Avenue, within 30 days of the release of this endorsement.

Motion dismissed.

By  for the law societies members of the  Federation of Law Societies of Canada

Scope of Databases
Tools
Terms of Use
Privacy
Help
Contact Us
About