# JUDGMENTS OF THE SUPREME COURT OF CANADA

| Home | Important Notices | Contact Us | Français |

Decisions > Supreme Court Judgments > Impulsora Turistica de Occidente, S.A. de C.V. v. Transat Tours Canada Inc.

Help

## Supreme Court Judgments

Impulsora Turistica de Occidente, S.A. de C.V. v. Transat Tours Canada Inc.

| | |
|---|---|
| Collection: | Supreme Court Judgments |
| Date: | 2007-05-25 |
| Neutral citation: | 2007 SCC 20 |
| Report: | [2007] 1 SCR 867 |
| Case number: | 31456 |
| Judges: | McLachlin, Beverley; Bastarache, Michel; Binnie, William Ian Corneil; LeBel, Louis; Deschamps, Marie; Fish, Morris J.; Abella, Rosalie Silberman; Charron, Louise; Rothstein, Marshall |
| On appeal from: | Quebec |
| Subjects: | International law |
| Notes: | SCC Case Information: 31456 |

 



Save and organize search results from SCC and CanLII, get alerts.

**Get started with Lexbox**

**Twitter Notices**

Get real-time notices of new Supreme Court decisions via Twitter.

**Follow Lexum on Twitter**

LEXUM

For 20 years now, the Lexum site has been the main public source for Supreme Court decisions.



### SUPREME COURT OF CANADA

**CITATION:** Impulsora Turistica de Occidente, S.A. de C.V. *v.* Transat Tours Canada Inc., [2007] 1 S.C.R. 867, 2007 SCC 20

**DATE:** 20070525
**DOCKET:** 31456

**BETWEEN:**
Impulsora Turistica de Occidente, S.A. de C.V.,
Vision Corporativa y Fiscal, S.A. de C.V., and
Hotelera Qualton, S.A. de C.V.
Appellants
and
**Transat Tours Canada Inc.**
Respondent

**AND BETWEEN:**
Tescor, S.A. de C.V.
Appellant
and
**Transat Tours Canada Inc.**
Respondent

**AND BETWEEN:**
MyTravel Canada Holidays Inc.
Appellant
and
**Transat Tours Canada Inc.**
Respondent

**CORAM:** McLachlin C.J. and Bastarache, Binnie, LeBel, Deschamps, Fish, Abella, Charron and Rothstein JJ.

**REASONS FOR JUDGMENT:** The Court
(paras. 1 to 10)

_____

Impulsora Turistica de Occidente, S.A. de C.V. *v.* Transat Tours Canada Inc., [2007] 1 S.C.R. 867, 2007 SCC 20

**Impulsora Turistica de Occidente, S.A. de C.V.,
Vision Corporativa y Fiscal, S.A. de C.V. and
Hotelera Qualton, S.A. de C.V.** *Appellants*

*v.*

**Transat Tours Canada Inc.** *Respondent*

and

**Tescor, S.A. de C.V.** *Appellant*

*v.*

**Transat Tours Canada Inc.** *Respondent*

and

**MyTravel Canada Holidays Inc.** *Appellant*

*v.*

**Transat Tours Canada Inc.** *Respondent*

**Indexed as:  Impulsora Turistica de Occidente, S.A. de C.V. *v.* Transat Tours Canada Inc.**

**Neutral citation:  2007 SCC 20.**

File No.:  31456.

2007: April 25; 2007: May 25.

Present: McLachlin C.J. and Bastarache, Binnie, LeBel, Deschamps, Fish, Abella, Charron and Rothstein JJ.

on appeal from the court of appeal for quebec

*Private international law — Jurisdiction of Quebec court — Forum non conveniens — Injunction order with extraterritorial effects — Allegation of breach of contract made by Quebec travel wholesaler against Mexican company that party to contract and against three other Mexican companies that parties to breach of contract — Forum selection clause in favour of Quebec courts — Alleged damage sustained in Quebec — Motion for injunction to require foreign companies to honour contract — Superior Court having jurisdiction to hear dispute — Difficulty enforcing injunction order with extraterritorial effects not factor affecting Superior Court's power to make order and not leading to conclusion that doctrine of forum non conveniens applicable — Civil Code of Québec, S.Q. 1991, c. 64, arts. 3135, 3148.*

*Held*: The appeal should be dismissed.

**Statutes and Regulations Cited**

*Civil Code of Québec*, S.Q. 1991, c. 64, arts. 3135, 3148.

*Code of Civil Procedure*, R.S.Q., c. C-25.

APPEAL from a judgment of the Quebec Court of Appeal (Dussault, Bich and Vézina JJ.A.), J.E. 2006-716, SOQUIJ AZ-50363026, [2006] Q.J. No. 2519 (QL), 2006 QCCA 413, reversing a decision of Emery J., J.E. 2005-2066, SOQUIJ AZ-50332482, [2005] Q.J. No. 12615 (QL). Appeal dismissed.

*Donald Kattan*, for the appellants Impulsora Turistica de Occidente, S.A. de C.V., Vision Corporativa y Fiscal, S.A. de C.V. and Hotelera Qualton, S.A. de C.V.

*Stéphane Pitre*, for the appellant Tescor, S.A. de C.V.

*Karim Renno* and *Dominic Dupoy*, for the appellant MyTravel Canada Holidays Inc.

*Richard A. Hinse*, *Élise Poisson* and *Bruno Verdon*, for the respondent.

The following is the judgment delivered by

1        THE COURT — The respondent, Transat Tours Canada Inc. ("Transat"), applied for an injunction and other remedies against the appellant Tescor, S.A. de C.V. ("Tescor") in the Quebec Superior Court.  In substance, Transat alleged that Tescor, a Mexican commercial corporation, had breached an agreement under which Transat had been granted an exclusive right to lease rooms in a Puerto Vallarta hotel for three years.  The contract included a forum selection clause in favour of the Quebec courts.  Transat later asserted that three other Mexican corporations, Impulsora Turistica de Occidente, S.A. de C.V., Vision Corporativa y Fiscal, S.A. de C.V., and Hotelera Qualton, S.A. de C.V., had been parties to this breach by agreeing to make blocks of rooms available to a Canadian company, MyTravel Canada Holidays Inc. ("MyTravel"), which has a place of business in the province of Quebec.  Transat impleaded MyTravel as a mise en cause under the provisions of Quebec's *Code of Civil Procedure*, R.S.Q., c. C-25.

2        In the Superior Court, the Mexican defendants, with the support of MyTravel, contested an application by Transat for a safeguard order.  The appellants also brought a joint motion for declinatory exception, in which they argued that the Quebec courts lacked jurisdiction over the matter because Transat was seeking extraterritorial relief against Mexican entities that had no connections with Quebec.  They also argued in the motion that, pursuant to the principle of *forum non conveniens*, which is codified in art. 3135 of the *Civil Code of Québec*, S.Q. 1991, c. 64, the Superior Court should decline jurisdiction and dismiss Transat's proceedings.

3        The Superior Court found in favour of the appellants, holding that there were no grounds for issuing a safeguard order, as Transat could be adequately compensated by a damages award.  More importantly, it granted the motion for declinatory exception, holding that the relief claimed by Transat would require improper extraterritorial action by the Quebec courts, that any orders they made would be ineffective and that, at any rate, under the principle of *forum non conveniens*, the Mexican courts would be better situated to deal with the case:  [2005] Q.J. No. 12615 (QL).

4        Transat appealed the part of the judgment in which the Superior Court had granted the motion for declinatory exception.  It did not appeal the dismissal of its application for a safeguard order.  Dussault J.A., writing for a unanimous Court of Appeal, reversed the judgment of the Superior Court and dismissed the motion for declinatory exception ([2006] Q.J. No. 2519 (QL), 2006 QCCA 413).  He found that a proper application of *forum non conveniens* led to the conclusion that the Quebec courts had jurisdiction over the matter and that it had been properly submitted to them.  The effect of the Court of Appeal's judgment was that the case was remitted to the Superior Court for a possible continuation of the proceedings.

5        We are all of the view that the Court of Appeal's judgment is well founded.  In our opinion, Dussault J.A. correctly applied the relevant legal principles relating to the jurisdiction of the Quebec courts and to *forum non*

*conveniens*.

6          First, we agree with Dussault J.A. that the Superior Court had jurisdiction over the application for an injunction and other incidental relief. He stated the following, at paras. 32-36:

> [TRANSLATION] I cannot accept the respondents' argument that a court of competent jurisdiction could lack the power to issue an injunction with purely extraterritorial effects.
>
> On the one hand, article 46, paragraph 1 C.C.P. provides that "[t]he courts and judges have all the powers necessary for the exercise of their jurisdiction".
>
> On the other hand, insofar as article 3148 C.C.Q. defines the scope of the jurisdiction of Quebec courts under private international law and as, in the instant case, the Superior Court has jurisdiction pursuant to subparagraph (3) of the first paragraph of that article to decide the dispute, that court has the power to issue an injunction against the respondents.
>
> The possibility that the Superior Court would have difficulty sanctioning a failure to comply with its orders does not affect its power to issue an injunction. As Barclay J. of the Saskatchewan Court of Queen's Bench pointed out, "[a]lthough the Courts are reluctant to grant injunctions against parties not within the jurisdiction, the power does exist" (*Super Seamless Steel Siding of Canada Ltd. v. Eastside Machine Co.* (1993), 103 Sask. R. 293, at para. [47], citing Robert J. Sharpe, *Injunctions and Specific Performance*, Toronto, Canada Law Book, 1983, at para. 123, and loose-leaf edition, 2005, at para. 1.1190).
>
> Rather, it is when the court exercises its discretion under article 3135 C.C.Q., which authorizes it, "[e]ven though [it] has jurisdiction to hear a dispute, . . . exceptionally and on an application by a party, [to] decline jurisdiction if it considers that the authorities of another country are in a better position to decide", that it will have to take difficulties in sanctioning a failure to comply with the requested order into consideration (I.C.F. Spry, *The Principles of Equitable Remedies*, Scarborough, Carswell, 1984, at p. 38).

7          We also agree with Dussault J.A. on the application of the doctrine of *forum non conveniens*. He held that the Superior Court had, by focussing on the difficulties that would arise in enforcing any orders it made, failed to consider the relevant factors in the analysis. In this respect, we think it will be helpful to reproduce the following comments of Dussault J.A., at paras. 39 and 40 of his reasons:

> [TRANSLATION] Contrary to MyTravel's submission, it is my view that in determining the most appropriate forum to hear the dispute, the trial judge did not weigh the 10 criteria developed by the courts and did not consider from a purely theoretical perspective the question of the Superior Court's power to issue an injunction order with extraterritorial effects. On the contrary, his decision to grant the motions to dismiss the respondents' action on the basis of *forum non conveniens* was founded solely on his conclusion that he did not have the power to issue such an order.
>
> Since that conclusion was incorrect, the decision based on it was also incorrect. As a result, I cannot accept the respondents' argument that the trial judge judiciously exercised his discretion to decline jurisdiction either.

8       It is also worth mentioning that Tescor had made a choice in favour of the Quebec's courts and laws. Moreover, any orders made by the Superior Court would have an effect on MyTravel. The Superior Court appears to have conflated the problem of the jurisdiction of the Quebec courts with the question of the execution of their judgments in a foreign jurisdiction under the relevant rules of private international law.

9       There were no grounds for denying or declining the jurisdiction of the Quebec courts over the litigation between the parties to this appeal. As the only issue before us is that of jurisdiction, we will refrain from expressing any views on the merits of Transat's proceedings, which remain to be determined in the Superior Court.

10      For these reasons, the appeal is dismissed with costs.

*Appeal dismissed with costs.*

*Solicitors for the appellants Impulsora Turistica de Occidente, S.A. de C.V., Vision Corporativa y Fiscal, S.A. de C.V. and Hotelera Qualton, S.A. de C.V.:* Péloquin Kattan, Montréal.

*Solicitors for the appellant Tescor, S.A. de C.V.:* Borden Ladner Gervais, Montréal.

*Solicitors for the appellant MyTravel Canada Holidays Inc.:* Osler, Hoskin & Harcourt, Montréal.

*Solicitors for the respondent:* Lavery, de Billy, Montréal.