UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL SHAPE TECHNOLOGIES, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GLASSDOOR, INC.,<br><br>Defendant. | Case No.16-mc-80150-JSC<br><br>**ORDER GRANTING SECOND REQUEST FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN A FOREIGN LEGAL PROCEEDING PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 12 |

Applicants Digital Shape Technologies, Inc. ("DST"), and Radomir Nikolajez ("Nikolajez") have filed a second *ex parte* application to take discovery pursuant to 28 U.S.C. § 1782. (Dkt. No. 12.) The Court previously granted DST and Nikolajez's request for an order under Section 1782 allowing them to issue a subpoena to obtain documents and testimony from a custodian of records from non-party Glassdoor, Inc. ("Glassdoor"). (Dkt. No. 4.) Following issuance of the subpoena, the Court granted a motion to compel Glassdoor to comply with the subpoena. (Dkt. No. 11.) Based on Glassdoor's production, DST and Nikolajez now seek permission to issue a second subpoena pursuant to Section 1782. (Dkt. No. 12.) Upon consideration of the application and the relevant legal authority, the Court GRANTS the application.

**BACKGROUND**

DST, and its president, Nikolajev, (together "DST") are plaintiffs in an action in the Quebec Superior Court, District of Montreal, Canada (the "Canadian Action"). *See Digital Shape*

*Technologies Inc. and Radomir Nikolajev v. Kelly Mikulec*, Case No. 500-17-080160-131.  In that action, DST alleges that Kelly Mikulec, a former DST employee, provided false and defamatory statements in the form of a review posted on Glassdoor's Canadian website about DST and Nikolajev.  (Dkt. No. 2 at ¶ 6.)  Glassdoor is not a party to the Canadian Action.  The Court's prior Orders detailed the background of the Canadian Action and DST's efforts to obtain information from Glassdoor relevant to that action which the Court incorporates by reference.  (Dkt. Nos. 4, 11.)  As noted, the Court previously granted DST permission to issue a subpoena to Glassdoor seeking additional information regarding the at-issue review and when Glassdoor failed to respond to the subpoena, the Court granted DST's motion to compel them to do so.

In particular, Glassdoor was ordered to provide information responsive to the following two requests:

> **REQUEST FOR PRODUCTION NO. 3:**
> Documents sufficient to show the email address and IP address of the user who posted the March 7, 2013 review and rating of Digital Shape Technologies Inc. (attached hereto as Exhibit 1), as well as the URL corresponding to their submission.
>
> **REQUEST FOR PRODUCTION NO. 4:**
> The Google Analytics statistics reports relating to the March 7, 2013 review and rating of Digital Shape Technologies Inc. (Exhibit 1), including the number of users having viewed the March 7, 2013 review and rating (Exhibit 1), the time and date of viewing, the city associated with the IP addresses of these users, as well as their IP addresses.

(Dkt. No. 5-1 at 6.)

In response to Request No. 3, Glassdoor provided an email address associated the with the user who posted the at-issue review as well as an IP address, but the IP address was not the one that was used to post the review because Glassdoor no longer has this information.  Instead, Glassdoor provided an "IP address associated with the email address of the review author from a separate login."  (Dkt. No. 12-1 at ¶ 3.)  DST thus seeks the "date and time of the 'separate login' which bears on whether the poster likely used the same IP address for the reviews."  (*Id.*; Dkt. No. 12 at 9.)  Glassdoor declined to provide this information.  Nor did Glassdoor provide the URL associated with the individual who posted the review, but instead, provided the URL for the review itself.  DST thus seeks leave to issue a subpoena seeking the URL or "network domain" associated with the user who posted the review.

1  (Dkt. No. 12 at 9.) In response to Request No. 4, Glassdoor responded that there were no IP addresses

2  captured by the Google Analytics report and thus declined to provide IP addresses. (Dkt. No. 12-1 at ¶

3  5.) DST therefore seeks leave to issue a subpoena seeking the IP addresses of the Glassdoor users who

4  read the review. (Dkt. No. 12 at 9.) DST also seeks a deposition to authenticate responsive documents

5  and information.

## LEGAL STANDARD

Section 1782(a) provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). A litigant in a foreign action qualifies as an "interested person" under Section 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004). To apply for discovery pursuant to Section 1782, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent. *Id.* at 258-59. Instead, all that is necessary is that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation." *Id.* at 259 (holding that discovery was proper under Section 1782 even though the applicant's complaint was still only in the investigative stage). When it comes to requests directly from foreign courts, district courts typically handle Section 1782 discovery requests in the context of an *ex parte* application for an order appointing a commissioner to collect the information. *See In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that the subpoenaed parties may object and exercise due process rights by bringing motions to quash the subpoenas after the court issues a Section 1782 order); *see, e.g.*, *In re Request for Int'l Judicial Assistance from the Nat'l Ct. Admin. of the Republic of Korea*, No. C15-80069 MISC LB, 2015 WL 1064790, at *2 (N.D. Cal. Mar. 11, 2015) (granting *ex parte* application for a Section 1782 order); *In re Request for Int'l Judicial Assistance from the 16th Family Ct. of the Supreme Ct. of Justice of the Fed. Dist.*, No. 14-mc-80083-JST, 2014 WL 1202545, at *1 (N.D. Cal. Mar. 19,

2014) (same).  The same is generally true for Section 1782 applications brought by private parties. *See, e.g.*, *Mak v. For the Issuance of Discovery in Aid of Foreign Proceeding Pursuant to 28 U.S.C. 1782*, No. C 12-80118 SI, 2012 WL 2906761, at *1-2 (N.D. Cal. July 16, 2012) (denying motion to quash after having granted ex parte application for deposition subpoena under Section 1782).

The court retains wide discretion to grant discovery under Section 1782.  *See Intel*, 542 U.S. at 260-61.  In exercising its discretion, the court considers the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome."  *Id.* at 264-65; *see also In re Request for Judicial Assistance from the Seoul Dist. Crim. Ct.*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted) (noting that the only requirements explicit in the statute are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal, but also holding "that the investigation in connection with which the request is made must related to a judicial or quasi-judicial controversy").

"A district court's discretion is to be exercised in view of the twin aims of [Section] 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts."  *Nat'l Ct. Admin. of the Republic of Korea*, 2015 WL 1064790, at *2 (citing *Schmitz v. Bernstein Libehard & Lifshitz, LLP*, 376 F.3d 79, 85 (2d Cir. 2004)).  The party seeking discovery need not establish that the information sought would be discoverable under the foreign court's law or that the U.S. would permit the discovery in an analogous domestic proceeding.  *See Intel*, 542 U.S. at 247, 261-63.

## ANALYSIS

**A.   Statutory Authority**

As the Court found in granting DST's first Section 1782 application, the minimum

requirements of Section 1782 are satisfied. First, Glassdoor's principal place of business is in Mill Valley, California which is within the Northern District of California. Second, the requested discovery is for use in a Canadian lawsuit, which is a proceeding before a foreign tribunal. With respect to the third factor, Section 1782 plainly states that discovery orders may issue upon the request of either a foreign tribunal or an interested party. 28 U.S.C. § 1782(a). An "interested person" seeking to invoke the discovery mechanism of Section 1782 may include "litigants before foreign or international tribunals . . . as well as any other person . . . [who] merely possesses a reasonable interest in obtaining [judicial] assistance." *Intel*, 542 U.S. at 256-57 (quotation marks and citation omitted). Applicants are parties to the foreign proceedings underlying this case; indeed, they are the plaintiffs in an action alleging that defamatory statements were made regarding them on Glassdoor's Canadian site. (*See* Dkt. No. 3-1.) Accordingly, DST has a "reasonable interest" in obtaining judicial assistance and, therefore, may apply for judicial assistance pursuant to Section 1782. *See Akebia Therapeutics, Inc. v. Fibrogren, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015). Lastly, the instant *ex parte* application is an acceptable method of requested discovery under Section 1782. *See Tokyo Dist., Tokyo, Japan*, 539 F.2d at 1219.

**B.    Discretion**

The Court finds good cause to exercise its discretion to authorize the requested discovery. Glassdoor is not a party to the Canadian Action, and therefore discovery regarding the review and its audience is unattainable absent Section 1782(a) aid. As the Court previously found, the Canadian court's order authorizing issuance of the subpoena demonstrates that the request is not an attempt to circumvent proof-gathering restrictions in either Canada or the United States, and that the Canadian court would be receptive to an order from this Court. Further, it is not obvious that the production of this information is unduly burdensome. The Court thus concludes that there is good cause to grant the requested discovery.

**CONCLUSION**

For the reasons described above, the Court GRANTS DST's application and authorizes service of a subpoena consistent with the request in DST's application (Dkt. No. 12 at 9.). The return date of the subpoena shall be set after the expiration of the 30-day period to allow

Glassdoor to contest the subpoena if it has a good faith basis to do so.  Should Glassdoor file a motion to quash or DST file a motion to compel, this action shall automatically be reopened.

This Order disposes of Docket Number 12. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated:  November 30, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge